PER CURIAM.
James Scott Barfield appeals his judgment and sentence. We reverse in part and affirm in part.
After serving time on another sentence, Barfield was placed on probation. While on probation, he committed two grand thefts. The trial court sentenced Barfield to two consecutive terms of five years for the grand theft offenses. The trial court also revoked Barfield’s probation and imposed a new sentence of five years with 290 days’ credit for time Barfield served on the original sentence. The new sentence *260 was to run concurrently with one of the five-year sentences for grand theft.
The State concedes that Barfield is entitled to four years’ credit, instead of 290 days, for gain-time on the original sentence since a probationer’s accrued gain-time is credited against any new sentence imposed for a probation violation. State v. Green, 547 So.2d 925, 926 (Fla.1989). Therefore, Barfield’s sentence for the probation violation is reversed and remanded to the trial court with instructions to amend Barfield’s sentence to reflect the credit of four years for time served on his original sentence.
With respect to the grand theft offenses, the ten-year sentence imposed by the trial court falls within the permitted range of the sentencing guidelines and, consequently, is not a departure sentence. Jackson v. State, 556 So.2d 513, 514 (Fla. 2d DCA 1990). Accordingly, we affirm this portion of the sentence.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED.
GLICKSTEIN, C.J., GUNTHER and POLEN, JJ., concur.