605 So.2d 1286 (1992)
L.V. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2459.
District Court of Appeal of Florida, Fourth District.
September 10, 1992.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse. Appellant is entitled to receive a five year credit for the state prison portion of his split sentence.
At the sentencing hearing for the violation of the probation portion of appellant's split sentence, the prosecutor convinced the trial judge to forfeit "any unearned gain-time" attributable to early release from state prison, pursuant to section 948.06(6), Florida Statutes (Supp. 1990). However, at oral argument the state conceded that it had erroneously argued that the statute applied because it became effective before appellant's release from state prison. We note that the legislature enacted section 948.06(6) to counter State v. Green, 547 So.2d 925 (Fla. 1989), which held that a prisoner who is released early because of gain-time has completed his or her sentence in full. Sub judice, Green applies because appellant committed the original offense before September 1, 1990, the effective date of section 948.06(6).
Also, the state abandoned its argument that section 944.28(1). Florida Statutes (1989), applied because it merely extended to the courts the existing authority of the Florida Department of Corrections to forfeit gain-time. Again, sub judice, Green applies because appellant committed the original offense before October 1, 1989, the effective date of section 944.28(1).
Appellant's counsel advised that a reversal of the sentence renders the remaining issue moot.
Accordingly, we reverse appellant's violation of probation sentence and remand with directions to credit him with five years for the state prison portion of his split sentence and any time he served in the county jail pending the violation of probation hearing and sentencing.
*1287 No motion for rehearing or clarification will receive consideration by this court.
STONE, GARRETT, JJ., and BRESCHER, GEORGE A., Associate Judge, concur.