609 So.2d 712 (1992)
Robert HARRINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0307.
District Court of Appeal of Florida, Fourth District.
December 2, 1992.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant, sentenced upon a violation of probation, correctly argues that the sentence imposed fails to fully credit him with earned and incentive gain time awarded incident to an earlier incarceration portion of his sentence. Rather, the trial court specified a credit only for the time actually served prior to his probationary term. Failure to fully credit appellant with such gain time is error. E.g., State v. Green, 547 So.2d 925 (Fla. 1989); Barfield v. State, 599 So.2d 259 (Fla. 4th DCA 1992).
All of the offenses for which appellant was sentenced upon the revocation of his probation were committed in January and February of 1989, prior to the effective date of section 948.06(6), Florida Statutes, applied by the trial court, which provides:
Any provision of law to the contrary notwithstanding, whenever probation ... is violated and the probation ... is revoked, the offender, by reason of his misconduct, may be deemed to have forfeited all gain-time or commutation of time for good conduct, as provided by law, earned up to the date of his release on probation... . This subsection does not deprive the prisoner of his right to gain-time or commutation of time for good conduct, as provided by law, from the date on which he is returned to prison.
The provisions of such a statute cannot be applied retroactively. Cf. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Toschlog v. State, 604 So.2d 22 (Fla. 2d DCA 1992). Therefore, the sentence is reversed and remanded for modification of the sentence accordingly.
GLICKSTEIN, C.J., and DOWNEY and STONE, JJ., concur.