613 So.2d 603 (1993)
Coleman Jerome SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-613.
District Court of Appeal of Florida, Fifth District.
February 12, 1993.
*604 Raymond O. Bodiford, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
In imposing two concurrent sentences after the defendant had violated probation, the trial court, in effect, forfeited gain time earned on the incarcerative portion of the defendant's original two concurrent probationary split sentences. This cannot be done. See State v. Green, 547 So.2d 925 (Fla. 1989). Green applies, notwithstanding section 948.06(6), Florida Statutes, (Ch. 89-526, § 8, Laws of Florida, effective September 1, 1990), because the original underlying offense occurred on February 6, 1989, prior to the effective date of the statutory change on September 1, 1990. See Thomas v. State, 605 So.2d 1286 (Fla. 4th DCA 1992); Harrington v. State, 609 So.2d 712 (Fla. 4th DCA 1992). See also, Ferguson v. State, 594 So.2d 864, 866 n. 6 (Fla. 5th DCA 1992) where the court applied Green when the underlying offense was committed prior to the effective date of the statute and the violation of probation occurred after the effective date.
This sentencing error was not rendered harmless merely because the defendant was sentenced concurrently to a greater sentence on the new offense which violated his probation. First, the harmless error statute, section 924.33, Florida Statutes, applies to judgments and not sentences and, secondly, the conviction of the later greater offense could be itself defective and subject to reversal or vacation.[1]
The defendant's two concurrent sentences are vacated and the cause remanded for resentencing without forfeiture of gain time credit.
SENTENCES VACATED; CAUSE REMANDED.
COWART, PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Compare the "Concurrent Sentence Doctrine" adopted by Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980) where a court need not consider alleged errors in "lesser" concurrent convictions and sentences when a "greater" concurrent conviction and sentence has been affirmed on appeal. See also Emanuel, The Concurrent Sentence Doctrine Dies A Quiet Death  Or Are The Reports Greatly Exaggerated, 16 Fla.St.L.Rev. 269 (1988).