619 So.2d 431 (1993)
Rosetta Slater JACKSON and Frank Steven Davis, Appellants,
v.
STATE of Florida, Appellee.
Nos. 92-1685, 92-2053.
District Court of Appeal of Florida, First District.
June 4, 1993.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen., and Sonya Roebuck Horbelt and Amelia L. Beisner, Asst. Attys. Gen., Tallahassee, for appellee.
*432 PER CURIAM.
Appellants appeal an order of the circuit court denying their motion to suppress evidence, contending the stop of their vehicle was pretextual. We find the evidence presented at the suppression hearing sufficient to support the trial court's ruling and thus affirm on this issue. Kehoe v. State, 521 So.2d 1094 (Fla. 1988).
Appellant Davis also appeals the sentence imposed in case number 89-4483 resulting from his violation of probation. Davis was entitled to earned gaintime as part of the time credited against the sentence imposed after revocation of probation which was part of a probationary split sentence. State v. Green, 547 So.2d 925 (Fla. 1989). Although the State argues that the legislature's subsequent amendment to section 948.06, Florida Statutes (Supp. 1990), gave the trial court discretion not to award such gaintime, appellant's prior offense was committed before the effective date of the amendments, and thus the amendments do not apply. Smith v. State, 613 So.2d 603 (Fla. 5th DCA 1993); Harrington v. State, 609 So.2d 712 (Fla. 4th DCA 1992). Accordingly, we vacate the sentence in case number 89-4483 and remand for resentencing.
ZEHMER, ALLEN and WEBSTER, JJ., concur.