PER CURIAM.
Judy Elaine Gordon appeals her sentences imposed upon violation of probation, arguing that (1) the lower court erred in failing to properly credit her with time served, (2) the sentences imposed exceed the statutory maximum, and (3) the lower court erred in entering its order revoking probation.
In October 1989, Gordon was charged by information in three separate cases with sale of cocaine (89-2520), sale of cocaine (89-2521), and sale and possession of cocaine (89-2522). Gordon entered a plea of nolo contendere to the charges and was adjudicated guilty in all three cases. In case no. 89-2520, Gordon was sentenced to 9 years in prison followed by 6 years of probation. In ease no. 89-2521, she was sentenced to a consecutive term of 15 years of probation. In case no. 89-2522, she was sentenced to terms of 15 years and 5 of years probation.
In November 1992, an affidavit of violation of probation was filed alleging the following violations: (1) failing to report to the probation officer for four months, (2) being arrested and charged with solicitation to commit prostitution, (3) failing to pay court costs, and (4) failing to perform 300 hours of public service work. Gordon admitted all of the violations except the arrest. On January 13, 1993, the lower court revoked Gordon’s probation in case no. 89-2520 and sentenced her to time served. In case no. 89-2521, the lower court revoked Gordon’s probation and sentenced her to 3½ years in prison with credit for 33 days to be followed by 11 years of probation. In case no. 89-2522, the lower court restored the 15 and 5 year terms of probation consecutive to the sentence m case no. 89-2521. The lower court also entered a revocation order finding that Gordon committed all four violations.
In sentencing Ms. Gordon for the violation in case no. 89-2521, the trial court failed to give her credit for time served in case no. 89-2520 as required now by Tripp v. State, 622 So.2d 941 (Fla.1993) (revised opinion). “[I]f a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.” Id. 622 So.2d at 942 (footnote omitted). The state agrees that Tripp applies, but argues that Ms. Gordon should only be credited for time actually spent in jail citing section 948.06(6), Florida Statutes (Supp.1990). This argument has been previously rejected when the prior offense was committed before the effective date of the 1990 amendments. See Jackson v. State, 619 So.2d 431 (Fla. 1st DCA 1993) (legislative amendments giving the trial court discretion not to award gain time do not apply to revocation of probation which was part of a probationary split sentence where the offense was committed before the effective date of the amendments). The law that will apply to Gordon’s resentencing provides that credit for time served includes jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1991). State v. Green, 547 So.2d 925, 927 (Fla.1989). Credit for time served does not include provisional credits or administrative gain time. Tripp v. State, supra, n. 2.
We vacate appellant’s sentence and remand for resentencing. Also, the written order finding Ms. Gordon in violation of her probation must be amended to conform to the oral pronouncements at the revocation hearing and sentencing.
BOOTH, BARFIELD and KAHN, JJ., concur.