625 So.2d 966 (1993)
STATE of Florida, Appellant,
v.
Stephanie A. CARDER, Appellee.
No. 92-2797.
District Court of Appeal of Florida, Fifth District.
October 22, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellee.
HARRIS, Chief Judge.
Appellant, State of Florida, timely appeals the sentence imposed against appellee, Stephanie A. Carder.
The facts are not in dispute. Carder pled guilty to felony retail theft. Her scoresheet total of 83 points placed her within a permitted range of 2 1/2 to 5 1/2 years incarceration. The trial court, instead, imposed the following sentence:
BACK END SPLIT SENTENCE
The Court does hereby adjudge the defendant guilty of Felony Retail Theft and does hereby place the defendant on probation for a term of 2 1/2 years. After you have served your probation of 2 1/2 years, then you will be sentenced to 2 1/2 years in State Prison in the Custody of the Department of Corrections.
If you meet the terms and conditions of the probation, the term of incarceration will be modified by the Court to eliminate the term of incarceration in State Prison. If you do not complete or comply with the conditions imposed during probation, then the specified period of incarceration will follow the period of probation supervision. Not less than thirty (30) days before the term of probation expires, you will need to set a hearing with the Court to demonstrate that you have met the terms and conditions of your probation. (Section 948.01(13) Florida Statutes).[1]
*967 The issue is whether this sentence which makes incarceration conditional is a downward departure without written reasons in violation of Florida Rules of Criminal Procedures 3.701(d)(11):
Any sentence outside the permitted guideline range must be accompanied by a written statement delineating the reasons for departure.
It appears to us that the purpose of the guideline sentence concept is to assure that a sentence between the minimum and maximum sentence range is actually imposed on and served by the defendant unless there are appropriate reasons expressed in writing to do otherwise. A back end split sentence is nothing more than a straight probationary sentence with the threat of a specific term of incarceration included in the judgment should a violation occur. The threatened incarceration, however, will not occur unless there is a violation of the terms of probation. This conditional imposition of incarceration is a departure from the mandatory concept of guideline sentencing and written reasons are required.
It is possible that the legislature intended to exempt from guideline consideration those sentences imposed under the authority of section 948.01(11). We therefore certify the following question to the Supreme Court:
IS A REVERSE SPLIT SENTENCE A DOWNWARD DEPARTURE FROM THE GUIDELINES WHICH REQUIRES WRITTEN JUSTIFICATION?
REVERSED and REMANDED for resentencing.
PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] This appears to be an incorrect statutory reference. Apparently the court is referring to section 948.01(11), Florida Statutes. Although this section is somewhat inartfully drawn, it appears to authorize this "stick following the carrot" type sentence.