W. SHARP, Judge.
The State timely appeals a back end split sentence imposed on Disbrow after he violated probation and was placed on community control. It argues the sentencing scheme is illegal,[1] and that it constitutes a downward departure without written reasons.[2] We agree.
On June 16, 1988, Disbrow was placed on probation in two cases: case no. 87-5227-CFA, burglary of a structure (violation of section 810.02); and ease no. 87-5228-CFA, *1124 burglary of a dwelling (violation of section 810.02). The probationary periods were for five years and fifteen years respectively. Thereafter Disbrow violated his probation by committing the offense of loitering and prowling. He pled guilty, and the court revoked his probation in both cases.
On September 21,1992, judgment and sentence were entered in the two cases. In case no. 87-5228 CFA, Disbrow was sentenced to two years community control coupled with numerous conditions, and then thirteen years in the DOC. If Disbrow complies with these conditions, the thirteen-year DOC portion will be modified and eliminated. In case no. 87-5227-CFA, Disbrow received five years in the DOC, consecutive to the DOC portion of case no. 87-5228-CFA. On that sentence, the court recommended a back end of a split sentence. Thus, Disbrow was released to community control.
We recently dealt with this issue in State v. Carder, 625 So.2d 966 (Fla. 5th DCA 1993). There, Carder pled guilty to felony retail theft and received a back end split sentence. We held that a back end split sentence was nothing more than a straight probationary sentence with the threat of incarceration included if there was a violation of probation (or as here, community control). As such, under Rule 3.701(d)(ll), it is a downward departure sentence, requiring written reasons, which in this case are missing.
We again certify the following question to the Florida Supreme Court:
IS A REVERSE SPLIT SENTENCE A DOWNWARD DEPARTURE FROM THE GUIDELINES WHICH REQUIRES WRITTEN JUSTIFICATION?
SENTENCE VACATED; REMANDED for resentencing.
GOSHORN and THOMPSON, JJ., concur.

. Poore v. State, 531 So.2d 161 (Fla.1988); Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992).

. Pope v. State, 561 So.2d 554 (Fla.1990).