630 So.2d 674 (1994)
Scott Allen WEBB, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3129.
District Court of Appeal of Florida, Fourth District.
January 19, 1994.
*675 Scott Allen Webb, Bowling Green, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant filed a motion to correct his sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, seeking credit against his sentence for gain time served prior to revocation of his probation and sentencing. The trial court denied appellant's motion. We reverse.
After violating his probationary sentence imposed in 1988 for lewd and lascivious acts in the presence of a child, appellant was sentenced on August 9, 1989, to two years imprisonment followed by ten years probation. Appellant received credit for 116 days served in the county jail. Eventually, appellant received credit for 254 days of gain time and was released from prison after serving 254 days of his sentence. On November 20, 1991, appellant was again found to have violated his probation and was sentenced to six and a half years in prison. In sentencing appellant, the trial court gave him credit for 15 days time served in connection with the second probation violation, 116 days for time served in county jail, 254 days for time served in prison but denied him credit for the 254 days of gain time.
Pursuant to rule 3.800(a) of Florida Rules of Criminal Procedure, appellant moved to correct his sentence. In his motion, he argued section 948.06(6), Florida Statutes (1989), which authorizes forfeiture of gain time after revocation of probation, had no effect on his sentence since he committed the crime prior to the effective date of the statute. Relying upon State v. Green, 547 So.2d 925 (Fla. 1989), appellant claimed he was entitled to receive credit for his 254 days of gain-time.
On September 23, 1993, the trial court denied appellant's motion. The trial court reasoned Green, decided on July 20, 1989, was abrogated by section 948.06(6), Florida Statutes, which became effective on October 1, 1989. The court concluded the dispositive date for determining appellant's sentence was October 29, 1991, the date appellant violated his probation for the second time, and therefore determined appellant forfeited his gain time.
The state recognizes the statute providing for forfeiture of gain time does not apply to offenses committed prior to the date of the statute even where the probation violation occurs subsequent to the effective date of the statute. The state has acknowledged the trial court erred when it sentenced appellant without credit for his gain time since appellant's original crime was committed prior to the effective date of the statute. Since we have previously held Green applies where a defendant has committed the original offense prior to the effective date of section 948.06(6), see Thomas v. State, 605 So.2d 1286 *676 (Fla. 4th DCA 1992)[1] and Harrington v. State, 609 So.2d 712 (Fla. 4th DCA 1992), we find the trial court erred when it sentenced appellant without allowing him credit for his gain time.
The state, however, correctly points out appellant is not entitled to credit under section 944.277, Florida Statutes, for administrative gain time attributable to prison overcrowding. See Tripp v. State, 622 So.2d 941, 942, n. 2 (Fla. 1993) and Rice v. State, 622 So.2d 1129 (Fla. 5th DCA 1993). The record before us does not indicate what portion of appellant's gain time is attributable to appellant's good behavior or to prison over-crowding.
Accordingly, we reverse the trial court's order denying appellant's motion and remand with instructions to the trial court to order the Department of Corrections to determine the amount of appellant's previous gain time attributable to his good behavior under section 944.275, Florida Statutes, and apply such credit to his current sentence.
REVERSED and REMANDED.
DELL, C.J., and POLEN and FARMER, JJ., concur.
NOTES
[1] In Thomas we incorrectly observed the effective date of section 948.06(6) to be September 1, 1990. We now note the effective date of the statute authorizing the forfeiture of gain time for a violation of probation was October 1, 1989. See 1989 Fla. Laws ch. 89-531 §§ 13, 20.