631 So.2d 1096 (1994)
L.C. BRADLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 81672.
Supreme Court of Florida.
February 10, 1994.
James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Christopher M. Sierra, Asst. Atty. Gen., Tampa, for respondent.
*1097 GRIMES, Justice.
We review Bradley v. State, 616 So.2d 1156 (Fla.2d DCA 1993), because of conflict with Thomas v. State, 605 So.2d 1286 (Fla. 4th DCA 1992), Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992), and Smith v. State, 613 So.2d 603 (Fla. 5th DCA 1993). Our jurisdiction derives from article V, section 3(b)(3) of the Florida Constitution.
Bradley pled guilty to two robberies which occurred on December 15, 1989, and was given concurrent sentences of seven years in prison to be followed by five years' probation. He was released from prison after serving eighteen months of his seven-year term. On December 4, 1991, Bradley admitted violating his probation. Upon resentencing, the trial court credited Bradley with the time served on his previous sentence but refused to give him credit for the gain time he had earned while in prison. The district court of appeal affirmed.
In State v. Green, 547 So.2d 925 (Fla. 1989), this Court held that a defendant who violates probation following incarceration is entitled to credit against his new sentence not only for time served but also for earned gain time. In 1989, the legislature eliminated the credit for gain time. The confusion which spawned the controversy in this case was because the legislature in 1989 enacted two laws on the subject in the same session.
Chapter 89-531, Laws of Florida, added subsection (6) to section 948.06, Florida Statutes (1987), to read as follows:
(6) Notwithstanding any provision of law to the contrary, whenever probation or community control, including the probationary of community control portion of a split sentence, is violated and the probation or community control is revoked, the offender, by reason of his misconduct, may be deemed to have forfeited all gain-time or commutation of time for good conduct, as provided by law, earned up to the date of his release on probation or community control from a state correctional institution. This subsection does not deprive the prisoner of his right to gain-time or commutation of time for good conduct, as provided by law, from the date on which he is returned to prison.
This amendment became effective on October 1, 1989. Chapter 89-526, Laws of Florida, also added a subsection (6) to section 948.06 which contained almost identical wording except that in addition to violations of probation and community control it also referred to the violation of control release. The effective date of this amendment was September 1, 1990.
Bradley argues that conflicting criminal statutes must be construed most favorably to the accused. However, these bills are not conflicting. Both of them acted upon the same subject matter. Chapter 89-531, which became effective on October 1, 1989, forfeited gain time in cases of probation and community control violations, and chapter 89-526, which did not become effective until September 1, 1990, added control release to the application of the statute.[1] As explained in section 1.04, Florida Statutes (1989):
1.04 Statutory construction; amendatory acts passed at the same session.  Acts passed during the same legislative session and amending the same statutory provision are in pari materia, and full effect should be given to each, if that is possible. Language carried forward unchanged in one amendatory act, pursuant to s. 6, Art. III of the State Constitution, should not be read as conflicting with changed language contained in another act passed during the same session. Amendments enacted during the same session are in conflict with each other only to the extent that they cannot be given effect simultaneously.
Because Bradley committed his original crime after October 1, 1989, the court below properly held that Bradley was not entitled to credit for gain time.[2]
*1098 Finally, we reject as without merit Bradley's argument that only the Department of Corrections had the authority to forfeit gain time. In another section of chapter 89-531 the legislature did amend section 944.28, Florida Statutes (1987), to authorize the department to declare a forfeiture of probation or community control upon probation revocation. However, the amendment to section 948.06 contained in both chapters 89-526 and 89-531 clearly authorizes the trial court to forfeit gain time.
Accordingly, we disapprove the opinions in Thomas v. State, Ferguson v. State, and Smith v. State to the extent that they conflict with this opinion and approve the decision of the court below.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] Control release is a mechanism whereby prisoners are released under supervision to control prison population. Because control release was also established in chapter 89-526 and did not become effective until September 1, 1990, it made sense that the amendment to section 948.06(6) pertaining to control release also be made effective on September 1, 1990.
[2] In Thomas v. State, the court held that State v. Green controlled its decision because the legislature's enactment of section 948.06(6) did not become effective until September 1, 1990. However, the court's failure to consider chapter 89-531 made no difference because Thomas' original crimes were committed before either statute became effective. In Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992), and Smith v. State, 613 So.2d 603 (Fla. 5th DCA 1993), the court made similar statements by referring to chapter 89-526, but there, too, it made no difference because in each instance the original crimes occurred before October 1, 1989. Even this Court made the observation that as of September 1, 1990, the legislature had amended sections 944.28 and 948.06 to add revocation of probation to the list of circumstances suggesting forfeiture of gain time. State v. Carter, 553 So.2d 169 (Fla. 1989). In making this statement, however, we cited chapter 89-526 and made no reference to chapter 89-531. On the other hand, in Tripp v. State, 622 So.2d 941 (Fla. 1993), we noted that chapter 89-531, which became effective October 1, 1989, served to forfeit gain time upon revocation of probation or community control. Obviously, all of these statements were dicta and did not focus upon the interaction between chapters 89-526 and 89-531.