THOMPSON, Judge.
The State of Florida, appellant, appeals the sentences imposed against appellees Darryl Shawn Guilford, Gregory Mark Raub, John Howard and Steven M. Armstrong. All of these sentences have been designated as “back-end split sentences.” The State argues that back-end split sentences are illegal and that they constitute a downward departure from the sentencing guidelines without contemporaneously filed written reasons. We agree and affirm the convictions, but reverse and remand for resentencing.
This appellate case involves several cases that have been consolidated for appeal.[1] Darryl Shawn Guilford was originally charged in ease no. 92-1796-CFA with robbery.[2] On 14 May 1992, Guilford entered a plea of guilty as charged to the offense of robbery and waived any objections to the guidelines scoresheet. Although the guideline scoresheet placed him in the recommended range of four and one-half to five and one-half years in the Department of Corrections (DOC), he was sentenced to a “back-end split sentence” consisting of five years probation with the condition that he serve six months in the Brevard County Jail followed by five and one-half years in the DOC. He was told by the sentencing judge that if he successfully completed his period of probation, the court would modify or eliminate the DOC sentence. Guilford accepted the plea negotiations and began to serve his sentence as announced by the trial judge. The State timely appeals his sentence as a downward departure without written reasons.
The next case which is part of this consolidated appeal is the case of Gregory Mark Raub. On 6 August 1992, Raub was sentenced for a violation of probation and community control. Raub had previously entered pleas and been placed on probation and community control for case no. 84-1888-CFA, trafficking in cocaine and conspiracy to traffic in cocaine;[3] case no. 9CM105-CFA, sale of cocaine (two counts) and possession of cocaine (two counts)[4] and case no. 9(M114- *550 CFA, sale of cocaine and possession of cocaine.[5] Raub was charged with violation of community control or probation in all three of these cases. The State had previously given notice that he was to be sentenced as a habitual offender. His violation of probation and community control resulted from his being found in possession of over 20 grams of marijuana.
The trial judge placed Raub on five years habitual offender probation. He was to serve five years probation at a rehabilitation center called Tampa Crossroads Program. He was also sentenced to serve 15 years in the DOC after probation. The trial judge informed him that if he successfully completed probation, then the sentence of 15 years in the DOC would be eliminated. The State timely appeals the sentence as a downward departure without written reasons.
The State next appeals the sentence imposed on appellee John Howard. Howard was charged with possession of cocaine, battery upon a law enforcement officer and obstructing or opposing an officer without violence.[6] Shortly after his arrest on 18 September 1991, the State filed a notice of intention to seek habitual offender penalties. Howard entered a plea of guilty on 15 November 1991. The plea was accepted and Howard was sentenced to five years in the DOC on Count I and time served on Counts II and III. He was remanded to the DOC. On 12 May 1992 Howard filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. As a result of his motion, a hearing was held on 28 August 1992. At that hearing, Judge Moxley vacated the sentence previously imposed and sentenced Howard to five years concurrent probation as to Counts I and II. Howard was also sentenced to one year probation on Count III, to run concurrently with Counts I and II. The five year probationary sentence was to run consecutively with yet another sentence, a 12 year sentence that is not before this court. The State timely appeals this sentence as a downward departure without written reasons.
The final case on this consolidated appeal is the case of Steven M. Armstrong. Armstrong was charged in Brevard County case number 92-12816-CFA with grand theft of a motor vehicle.[7] On 16 September 1992, Howard entered a plea of guilty to the offense as charged. On 2 November 1992, he was adjudicated guilty and placed on probation. His probation was to be followed by three years in the DOC. If he successfully completed the term of probation, the judge informed him that the DOC term would be eliminated. His recommended guideline sentence was three and one-half to four and one-half years in the DOC. His permitted sentence was two and one-half to five and one-half years in the DOC. Special conditions of Armstrong’s probation are that he serve three months in the Brevard County jail and 21 months on probation. The State timely appeals this sentence as a downward departure without written reasons.
Each sentence imposed is an illegal sentence. This court has previously held that all sentences must conform to the categories enunciated by the Florida Supreme Court in Poore v. State, 531 So.2d 161 (Fla.1988). In Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992), disapproved of by Bradley (L.C.) v. State, 631 So.2d 1096 (Fla.1994), this court held that only the five sentencing alternatives enumerated by the supreme court in Poore would be accepted. The sentences imposed in each of the above cases do not fall within those enumerated sentencing alternatives and are therefore illegal.
Further, the sentences violate Florida Rule of Criminal Procedure 3.701(d)(ll). That rule requires that “any sentence outside the permitted guideline range must be accompanied by a written statement delineating the reasons for the departure.” The trial judge entered no written reasons in any of the above stated cases.
*551 An additional problem with the sentences imposed is that they require interrupted sentences. Florida Statutes do not allow for non-continuous periods of incarceration and probation. Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988). Here each of the defendants, except Armstrong, is required to serve time in the county jail followed by a period of probation with the possibility of incarceration in the DOC. This sentence is a non-continuous “interrupted” sentence and, thus, invalid.
For the reasons stated, all of the sentences imposed are illegal and must be reversed. The question whether the back-end split sentences are downward departures from guideline sentences has previously been certified to the Florida Supreme Court. See State v. Carder, 625 So.2d at 966, (Fla. 5th DCA 1993). This question does not need to be certified again.
AFFIRMED in part; REVERSED in part.
W. SHARP, J., concurs.
GOSHORN, J., concurs specially, with opinion.

. All of these cases are from Brevard county and Circuit Judge John Dean Moxley imposed each of the sentences. This court has previously dealt with back-end sentences. See State v. Disbrow, 626 So.2d 1123 (Fla. 5th DCA 1993); State v. Carder, 625 So.2d 966 (Fla. 5th DCA 1993).

. §§ 812.13(1) & 812.13(2)(c), Fla.Stat. (1991).

. Count I, § 893.135(l)(b)l, Fla.Stat.; Count II, §§ 893.135(4) & 893.135(1)0)2, Fla.Stat. (1991).

. Counts I and II, § 893.13(1)0)1, Fla.Stat. (1991); Counts III and IV, § 893.13(1)©, Fla. Stat. (1991).

. Count I, § 893.13(1)(a)1, Fla.Stat. (1991); Count II, § 893.13(1)(f) Fla.Stat. (1991).

. Count I, § 893.13(1)© Fla.Stat. (1991); Count II, §§ 784.03, 784.07(1) & 784.07(2)(b), Fla.Stat. (1991); Count III, § 843.02, Fla.Stat. (1991).

. §§ 812.014(1) & 812.014(2)(c)3 Fla.Stat. (1991).