644 So.2d 166 (1994)
Frederick ROFF, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3199.
District Court of Appeal of Florida, Fourth District.
October 26, 1994.
*167 Richard L. Jorandby, Public Defender, and Debra Moses Stephens, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm the trial court's revocation of appellant's probation for all three of the alleged violations. Although the third amended violation, L4, was mislabeled L5, appellant clearly had notice of the specifics of the violation and testified as to the L4 subject matter. Moreover, his failure to follow supervisory instructions given by his probation officer was a proper ground for revocation of probation. Goley v. State, 584 So.2d 139, 141 (Fla. 5th DCA 1991); Haynes v. State, 440 So.2d 661, 662 (Fla. 1st DCA 1983); Grimsley v. State, 408 So.2d 1075, 1075 (Fla. 2d DCA 1982).
Appellant further contends the trial court erred in denying appellant credit for gain-time earned on the earlier incarceration for the same offense. Appellee agrees the trial court erred. However, both parties have misplaced their reliance on obsolete authority.
The supreme court explained in Bradley v. State, 631 So.2d 1096 (Fla. 1994), that State v. Green, 547 So.2d 925 (Fla. 1989), and Barfield v. State, 599 So.2d 259 (Fla. 4th DCA 1992), have been superseded by section 948.06(6), Florida Statutes (1989). Chapter 89-531, Laws of Florida, added as subsection 6:
Notwithstanding any provision of law to the contrary, whenever probation or community control is revoked, the offender, by reason of his misconduct, may be deemed to have forfeited all gain-time or commutation of time for good conduct, as provided by law, earned up to the date of his release on probation or community control from a state correctional institution. This subsection does not deprive the prisoner of his right to gain-time or commutation of time for good conduct, as provided by law, from the date on which he is returned to prison.
§ 948.06(6), Fla. Stat. (1989). This applies to offenses committed on or after October 1, 1989. See Ch. 89-531, § 19, Laws of Fla. Appellant's offenses occurred after October 1, 1989. Thus section 948.06(6) applies in this case. See also Webb v. State, 630 So.2d 674 (Fla. 4th DCA 1994).
GLICKSTEIN, WARNER and PARIENTE, JJ., concur.