MICKLE, Judge.
Walter Love appeals his convictions and sentences imposed following a jury trial on eight charges stemming from the burglary of a dwelling and an ensuing lengthy foot chase. Of the five issues raised in this appeal, two have merit. We affirm in part, reverse in part, and remand.
We affirm, without comment, the convictions for burglary of a dwelling (Count I), battery on a law enforcement officer (Count III), unlawful taking of a law enforcement officer’s firearm (Count IV), resisting arrest with violence (Count VII), and resisting arrest (Count VIII).[1]
We reverse the conviction for depriving an officer of a weapon (Count V). The evidence adduced at trial was insufficient to support a conviction under this count. State v. Law, 559 So.2d 187 (Fla.1989); Tibbs v. State, 397 So.2d 1120 (Fla.1981).[2]
Finally, during sentencing with regard to the instant convictions, the trial court revoked Love’s earlier probation imposed in Case Nos. 87-142 and 87-343. In Case No. 87-343, Love was resentenced to two terms of fifteen years with credit for seven years’ time served. Love argues that because he was originally sentenced to eight years in Case No. 87-343, the trial court erred in awarding only seven years’ time served when resentencing him upon violation of probation. Although we find some merit to this argument, we are unable to determine from the record the amount of time actually served on this sentence, the amount of gain time earned, or the amount of provisional and administrative gain time granted. Accordingly, we remand to the trial court with directions to ascertain whether Love has been awarded the proper amount of credit for time served in Case No. 87-343. See State v. Green, 547 So.2d 925 (Fla.1989) (following revocation of probation, defendant is entitled to credit for jail time served as well as gain time granted); Gordon v. State, 622 So.2d 1024 (Fla. 1st DCA 1993) (credit for time served does not include provisional credits or administrative gain time).
In all other respects, we affirm.
AFFIRMED in part, REVERSED in part, and REMANDED.
KAHN and VAN NORTWICK, JJ., concur.

. The jury found Love not guilty of armed robbery (Count II) and depriving an officer of communication (Count VI).

. This disposition renders moot Love's claim that his convictions both for unlawful taking of a law enforcement officer's firearm (Count IV) and for depriving an officer of his weapon (Count V) constitute a double jeopardy violation. We do note, however, that these two charges exhibit what we believe to be a scatter-gun approach of overcharging on a particular offense.