PER CURIAM.
We reverse appellant’s sentence and remand with direction to reconsider the credit for gain-time to be awarded to appellant.
Section 948.06(6), Florida Statutes (1989), provides in pertinent part that upon revocation of probation or community control, gain time accrued prior to release on probation or community control may be deemed to be forfeited. However, this statute is not applicable where the original crime was committed prior to October 1, 1989, the effective date of the statute. See Bradley v. State, 631 So.2d 1096 (Fla.1994); Roff v. State, 644 So.2d 166 (Fla. 4th DCA 1994); Webb v. State, 630 So.2d 674 (Fla. 4th DCA 1994). For offenses committed before October 1, 1989, the applicable rule of law is that stated in State v. Green, 547 So.2d 925 (Fla.1989). See, e.g., Webb, 630 So.2d at 675-76; Thomas v. State, 605 So.2d 1286 (Fla. 4th DCA 1992), disapproved of on other grounds by Bradley v. State, 631 So.2d 1096 (Fla.1994) (quashing Thomas’ interpretation of effective date of statute); Bolden v. State, 557 So.2d 630 (Fla. 1st DCA 1990).
Appellant was charged with aggravated battery for an offense committed on December 12, 1984. She pled nolo contendere and was sentenced to serve eighteen months DOC incarceration, followed by a period of five years of probation, with twenty days of jail credit. On December 21, 1987, upon revocation of probation, appellant was sentenced to three years DOC incarceration, followed by two years probation. The order of sentence indicates 111 days of jail credit, whereas the order of probation indicates 359 days of jail credit. On March 31, 1994, upon the second revocation of probation, appellant was placed on community control for one year, followed by probation for one year. On June 23, 1994, upon revocation of community control, appellant was sentenced to five and one-half years DOC incarceration.
Appellant asserts that she did not receive the total of four and one-half years credit to which she was entitled, representing her previous sentences of eighteen months and three years. The sentencing order in the immediate case shows that appellant was allowed 568 days of county jail credit, but the record on appeal does not indicate how much DOC time-served or gain-time, if any, was credited to appellant, based on the calculations of DOC. What is problematic in this case is that the trial court’s direction to DOC to apply credit for “unforfeited gain-time” suggests the possibility that DOC might have applied the post-1989 rule and forfeited gain-time credit due to appellant’s violation of community control.
Although it is the duty of the trial court to make an award providing for time to be credited pursuant to Green, 547 So.2d at 925, the court may enlist DOC to perform the ministerial duty of calculating the amount of time to be credited. See, e.g., Sapp v. State, 652 So.2d 1194 (Fla. 1st DCA 1995). If the trial court does enlist the aid of DOC again, DOC must proceed in accordance with this opinion.
Appellee argues that DOC could have can-celled provisional credits or administrative *254 gain-time credits, which are based on prison overcrowding, because appellant was convicted of aggravated battery. See Webb, 630 So.2d at 676. Even before these credits were statutorily cancelled by section 944.278, Florida Statutes (1993), they have not been available since 1988 to prisoners convicted of aggravated battery. See § 944.277(l)(d), Fla.Stat. (Supp.1988). However, if part of appellant’s gain-time did include administrative gain-time credits, then this portion may not be included in the credit of time awarded to appellant. See Webb, 630 So.2d at 676.
GLICKSTEIN, GUNTHER and FARMER, JJ., concur.