660 So.2d 782 (1995)
William ECHOLS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1938.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
*784 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
DELL, Judge.
Appellant William Echols has abandoned his arguments concerning the revocation of his community control. He challenges only the sentence imposed after revocation. We hold that appellant has demonstrated error in the trial court's assessment of victim-injury points, scoring of both underlying offenses as "primary" offenses, calculation of credit for time served in county jail and forfeiture of accumulated gain time.
In 1988, the state filed an information charging appellant with sexual battery and lewd or lascivious act upon a child under the age of sixteen, offenses proscribed under section 800.04, Florida Statutes (1987). Appellant entered a plea of nolo contendere to both felony charges and agreed to be sentenced within the "recommended" range of the sentencing guidelines. The trial court sentenced appellant to two consecutive split sentences of five and one-half years imprisonment, with 148 days credit for time served, followed by nine and one-half years probation.
In January 1994, appellant's probation officer filed an affidavit of violation of probation. One month later, appellant admitted to the violation and received a sentence upon revocation of eighteen months community control. In June 1994, the trial court found appellant in violation of his community control, revoked his sentence and entered a new judgment of conviction for the underlying offenses, thereby sentencing him to a term of twelve years incarceration. The trial court credited the newly imposed sentence as follows:
Defendant is allowed credit for 161 DAYS county jail credit served between date of arrest as a violator and date of resentencing. The Department of Corrections shall apply original jail credit awarded and shall compute and apply credit for time served less gain time Case 88-867.
Appellant received the identical sentence for both the sexual battery and lewd and lascivious counts to be served concurrently.
The trial court calculated appellant's permitted sentence under a sentencing guideline scoresheet that became effective on January 1, 1991, despite appellant's conviction for the scored offenses occurring in 1988. The scoresheet reflects a score of 190 points for two primary offenses of sexual battery and lewd and lascivious act. The trial court added forty points for victim injuries described as "moderate or penetration" on the 1991 guideline scoresheet. The total score of 230 points resulted in a recommended sentence of four and one-half to five and one-half years imprisonment and a permitted sentence of three and one-half to seven years before taking into account a permissible two cell bump up for a second violation of probation or community control.
Appellant initially contends that the trial court improperly assessed forty victim-injury points on the guideline scoresheet prepared after his revocation of community control.[1] We first note that regardless of whether a trial court assessed victim-injury points at the original sentencing, the trial court upon revocation of probation or community control can impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control. See § 948.06(1), Fla. Stat. (1987). Accordingly, the trial court is not precluded from scoring victim-injury points upon revocation where *785 the offenses so require, even where the original sentences did not reflect such assessment.
Next, we agree with appellant's argument that Karchesky v. State, 591 So.2d 930 (Fla. 1992),[2] governs the scoring of the victim-injury points in this case. In Karchesky, the supreme court explained that Florida Rule of Criminal Procedure 3.701(d)(7) limits the scoring of victim-injury points to physical trauma and does not encompass any psychological injury to the victim. 591 So.2d at 932-33. In 1992, a subsequent amendment to the sentencing laws, see section 921.001(8), Florida Statutes (Supp. 1992), provided that calculation of victim-injury points includes all sexual contact regardless of whether physical trauma results. However, that amendment does not apply retroactively to offenses committed before the effective date of the statute. Boland v. State, 613 So.2d 72 (Fla. 4th DCA) (Warner, J., concurring), rev. denied, 624 So.2d 268 (Fla. 1993). The applicable case law therefore confines our review to evidence of physical trauma experienced by the victims of the 1988 sexual offenses.
The state misplaces its reliance upon Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993), as support for its argument that Karchesky does not apply where a defendant pleads guilty or nolo contendere to sexual offenses. In Harper v. State, 632 So.2d 104 (Fla. 1st DCA 1994), the First District Court distinguished Boerstler by permitting challenges to this type of error where the defendant's plea is premised upon a guideline sentence, as opposed to entering an "open plea" or one not dependent upon sentencing within the guidelines, as had the defendant in Boerstler. See also Spring v. State, 647 So.2d 974 (Fla. 1st DCA 1994). Here, appellant entered his plea of nolo contendere to the sexual offenses and agreed to a sentence within the recommended range of the sentencing guidelines. Furthermore, this court and other district courts have concluded that a sentence entered upon a plea of nolo contendere does not preclude correction of an illegal sentence arising from improper scoring of victim-injury points. See Boland; Walls v. State, 627 So.2d 107 (Fla. 2d DCA 1993).
The scoring of victim-injury points depends upon resolution of facts proving "penetration or slight injury" as provided in the appropriate guideline scoresheet from 1988. The record on appeal shows that the state did not allege that penetration or slight injury occurred, and presumably because of entry of the plea agreement the state did not present evidence of victim injury at the original sentencing hearing. We therefore reverse appellant's sentence and remand to the trial court with leave to conduct a hearing to determine the extent of actual injury, if any, and to assess victim-injury points if supported by the evidence. Scott v. State, 642 So.2d 838 (Fla. 4th DCA 1994); Arreola v. State, 620 So.2d 1289 (Fla. 4th DCA 1993).
The trial court's failure to differentiate the scores for primary and additional offenses on the guideline scoresheet also requires correction. Pursuant to Florida Rule of Criminal Procedure 3.710(d)(3) and (4), the trial court must score the offense carrying the most severe sanction as the "primary offense" and score all other offenses pending at the same time as "additional offenses." In this instance, the trial court, utilizing rule 3.988(b) entitled "Category 2: Sexual Offenses," improperly scored 190 points for two counts of lewdness. A proper assessment under this rule results in 158 points scored for the primary sexual battery offense and sixteen points for the additional lewd and lascivious offense, for a total of 184 points. The resulting guideline sentence falls within a permitted range of up to three and one-half years incarceration. With the two cell bump up for the successive violations of probation and community control, appellant could receive a maximum permitted sentence of five and one-half years in prison after revocation, compared with the maximum penalty of twelve years incarceration currently imposed. See § 948.06(1); Bilyou v. State, 404 So.2d 744 (Fla. 1981) (holding that when a defendant violates the terms of his probation on which he was placed pursuant to a plea bargain, the trial court may revoke the probation and sentence the defendant to a term in prison in excess of the provisions of the original bargain); State v. Parrish, 616 So.2d 1135 (Fla. 3d DCA 1993).
*786 Appellant additionally asserts error in the trial court's award of 161 days credit for county jail time served "between the date of arrest as a violator and date of resentencing."[3] Appellant claims entitlement to 241 days of county jail time credit, representing 148 days he served before his 1988 sentence and ninety-three days served while awaiting hearing on both the violation of probation and violation of community control. It appears, however, that the trial court awarded appellant excessive credit. The record shows that appellant was detained, at most, ninety-three days in county jail from January 19, 1994 through February 28, 1994 and again from May 3, 1994 through June 23, 1994, the dates of execution of the arrest warrants and entry of the orders of revocation for the respective violations. No credit should be given for the 148 days of detention before his 1988 conviction because he received credit against his original five and one-half year prison term for that time served. See § 921.161, Fla. Stat. (1987). Hence, on resentencing the judgment of sentence should reflect an award of ninety-three days credit for time appellant served in county jail while awaiting disposition of the alleged violations.
Finally, the trial court erred when it forfeited the gain time earned by appellant while serving the underlying split sentences. The exercise of discretion to forfeit gain time earning a defendant early release is afforded a trial court under section 948.06, Florida Statutes, which became effective on October 1, 1989. This forfeiture provision does not apply to offenses, such as appellant's, committed before the effective date of the statute even where a violation of probation or community control occurs after the effective date. Bradley v. State, 631 So.2d 1096 (Fla. 1994); Roff v. State, 644 So.2d 166 (Fla. 4th DCA 1994); Webb v. State, 630 So.2d 674 (Fla. 4th DCA 1994).
The application of State v. Green, 547 So.2d 925 (Fla. 1989), controls disposition of gain time issues arising from offenses committed before the enactment of section 948.06(6). Webb, 630 So.2d at 675; Harrington v. State, 609 So.2d 712 (Fla. 4th DCA 1992). The governing authority allows a defendant who violates probation following incarceration to receive credit against his new sentence, not only for time served, but also for earned gain time. Green, 547 So.2d at 927; Bradley, 631 So.2d at 1097. Thus, the trial court improperly applied section 948.06(6) retroactively and failed to credit appellant with gain time he earned while in prison in addition to time actually served for the 1988 sexual offenses.
Accordingly, we affirm the order of revocation, but reverse the judgment of sentence imposed after revocation and remand for proceedings consistent herewith.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STONE and STEVENSON, JJ., concur.
NOTES
[1] We disagree with the state's argument that appellant did not preserve this sentencing error for appellate review. See Weckerle v. State, 626 So.2d 1038, 1039 (Fla. 4th DCA 1993).
[2] Superseded by rule Fenelon v. State, 629 So.2d 955 (Fla. 4th DCA 1993), and superseded by statute Griffith v. State, 654 So.2d 936 (Fla. 4th DCA 1995).
[3] The state mistakenly argues that lack of preservation requires an affirmance of this sentencing error. The record reveals that appellant never had an opportunity to object in open court to the amount of days awarded as credit for time served; the trial court indicated at the sentencing hearing that it would give such credit, but did not announce the exact number of days until it entered the final judgment and sentence.