FULMER, Acting Chief Judge.
Nathaniel Grant appeals his convictions for sale of cocaine and battery on a detained person. We affirm the convictions, but remand for resentencing on the battery conviction only.
Of the three issues raised, we find merit in only one. Grant argues, and the State concedes, that due to a scoresheet error, the 63-month sentence imposed on the battery charge is in excess of the statutory maximum. The scoresheet contains points for possession of cocaine as an additional offense at conviction, although that crime was not charged. The State argues, however, that the scoresheet error is harmless because Grant is serving a longer concurrent sentence for the sale of cocaine count than the 63 months he received for the battery count. We reject this contention. Florida courts generally do not adhere to “the concurrent sentence doctrine,” which is essentially what the State is advocating. See Smith v. State, 613 So.2d 603 (Fla. 5th DCA 1993), disapproved of on other grounds, Bradley v. State, 631 So.2d 1096 (Fla.1994); Uptagrafft v. State, 499 So.2d 33 (Fla. 1st DCA 1986). We, therefore, *1043 remand for resentencing on the battery conviction only.
Affirmed in part, reversed in part and remanded.
NORTHCUTT and GREEN, JJ., Concur.