764 So.2d 865 (2000)
Christopher MERKT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0778.
District Court of Appeal of Florida, Fourth District.
August 9, 2000.
*866 Richard C. Bartmon of Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
TAYLOR, J.
Christopher Merkt appeals the order revoking his community control and the sentence imposed under the 1995 guidelines. We affirm the order revoking community control. However, we remand for reconsideration of sentencing in accordance with Heggs v. State, 759 So.2d 620 (Fla.2000) (holding that defendant entitled to resentencing if the sentence imposed under the unconstitutional 1995 sentencing guidelines would constitute an impermissible departure sentence under the 1994 guidelines). See also Battle v. State, 761 So.2d 1177 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).[1]
Appellant also challenges the assessment of victim injury points, which were not scored as part of his original sentence. In 1996 appellant pled guilty to two felonies: possession of a firearm by a convicted felon and lewd and lascivious assault upon a minor. Pursuant to a plea agreement, appellant was sentenced on both counts concurrently to two years in prison, followed by two years community control and ten years probation. Appellant's median guidelines sentence was calculated at 36 months and based on a score of 64 points. No points were added to the scoresheet for victim injury on the lewd and lascivious assault charge.
Later appellant's community control was revoked for failing to follow his officer's instructions. After conducting a hearing to determine the extent of victim injury in the lewd and lascivious assault, the trial court assessed 40 victim injury points. Appellant then scored 110 points. The court sentenced appellant to 102 months in prison, the maximum term under the guidelines.
Appellant contends that the trial court's assessment of victim injury points after revocation of his community control was improper. In Echols v. State, 660 So.2d 782 (Fla. 4th DCA 1995), we rejected a similar argument. There, the defendant entered no contest pleas to charges of sexual battery and lewd and lascivious conduct upon a child under the age of sixteen. Pursuant to a plea agreement, he was sentenced within the "recommended" range of the sentencing guidelines. The defendant's probation was later revoked and he was placed on eighteen months community control. Six months later, the court revoked his community control and entered a new judgment of conviction for the underlying offenses, adding 40 points for victim injuries. The defendant argued on appeal that the trial court improperly assessed 40 victim-injury points on the guidelines scoresheet prepared after revocation of community control.
In Echols we concluded that the court erred in scoring victim-injury points, because the record on appeal did not show that the state alleged or proved "penetration or slight injury" at the original sentencing hearing, as required by the sentencing laws applicable to 1988 sexual offenses. Id. at 785. However, we clarified that a trial court can properly assess victim-injury points upon revocation even though the original sentence did not reflect such assessment. We stated:
We first note that regardless of whether a trial court assessed victim-injury points at the original sentencing, the *867 trial court upon revocation of probation or community control can impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control. See § 948.06(1), Fla. Sta. (1987). Accordingly, the trial court is not precluded from scoring victim-injury points upon revocation where the offenses so require, even where the original sentences did not reflect such assessment.
Id. at 784-85. Consequently, we remanded Echols to permit the trial court to conduct a hearing on the extent of actual injury and to assess victim-injury points if, after reviewing the evidence, it deemed the additional points appropriate.
Appellant argues that Echols is not controlling in this case because it conflicts with the Florida Supreme Court's decision in Roberts v. State, 644 So.2d 81 (Fla.1994), and our later opinion in Williams v. State, 678 So.2d 4 (Fla. 4th DCA 1996). The state agrees and concedes error. However, we disagree with the state's concession of error on this point.
In Roberts, the supreme court held that a trial court, in resentencing a defendant after a revocation of probation, has authority to use a revised scoresheet which includes prior convictions that were mistakenly omitted from the original scoresheet through no fault of the defendant. Appellant and the state construe Roberts as limiting the court's authority to revise scoresheets to situations where the original scoresheet was the result of a mistake, error, or unintentional omission. However, we can find no language in Roberts suggesting such a narrow interpretation. Moreover, the court noted that no double jeopardy concerns were implicated by imposing a harsher sentence upon revocation of probation "since the defendant's violation of probation triggered the resentencing," and "the defendant is not being sentenced for `precisely the same conduct.'" 644 So.2d at 82 (citations omitted). Thus, we see no conflict between Roberts and Echols.
Further, we find no conflict between Echols and Williams. In Williams, we reversed a sentence imposed after revocation of probation because it included points for legal restraint that were not assessed on the original scoresheet. Although the opinion does not fully set out the facts in that case, the record reflected that the defendant's original sentencing scoresheet noted that there were "no restrictions" on the defendant's legal status at the time of sentencing for the original offense. Because the defendant was being sentenced solely for the violation of his probation, it was improper to add points for legal constraint to the sentencing scoresheet. See Taylor v. State, 485 So.2d 900, 901 (Fla. 4th DCA 1986)("When a defendant is being sentenced in a probation revocation hearing only for the original crime, case law provides that points may only be added if the defendant is under legal constraint at the time he committed the offense, not at the time probation was revoked."). Thus, unlike the revised sentences in Echols and the present case, the probation revocation sentence in Williams could not have been originally imposed. See § 948.06, Fla. Stat; Echols, 660 So.2d at 785.
On remand, when the trial court reconsiders appellant's sentence under the 1994 guidelines, as directed above, it is authorized to assess victim injury points in recalculating appellant's scoresheet and determining whether appellant is entitled to a new sentence.
AFFIRMED in part and REMANDED for reconsideration of sentence.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] We note that appellant has standing to bring a single-subject challenge because his crimes were committed within the window period established in Trapp v. State, 760 So.2d 924 (Fla.2000)(window period for challenging sentencing guidelines amended in chapter 95-184, Laws of Florida opened on October 1, 1995 and closed May 24, 1997).