627 So.2d 556 (1993)
Harold Riley LANE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03218.
District Court of Appeal of Florida, Second District.
November 24, 1993.
PER CURIAM.
Harold Lane appeals the denial of his motion to correct illegal sentence. We reverse.
The appellant pled to two third degree felonies pursuant to an agreement for a twelve-year nonhabitual prison sentence. The court initially sentenced him as a habitual offender to two years in prison on count I, uttering a forged instrument, and to a consecutive ten-year prison sentence on count II, grand theft. As a result of a prior motion for postconviction relief, the court deleted the habitual offender status. Thereafter the appellant filed another motion, correctly contending that the ten-year nonhabitual sentence *557 for grand theft exceeded the statutory maximum. The court then amended his total sentence to two consecutive nonhabitual five-year prison terms.
Increasing the sentence on count I constituted an improper modification of a legal sentence. See Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989) (while correcting illegal sentence on one count, court may not modify legal sentence on another count). Thus, the court should have corrected the term on count II only, rather than also increase the legal sentence on count I. We therefore strike the sentence of five years imposed on count I and reinstate the original sentence of two years.
SCHOONOVER, A.C.J., and PATTERSON and BLUE, JJ., concur.