642 So.2d 740 (1994)
Arthur L. DISBROW, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 82857.
Supreme Court of Florida.
September 15, 1994.
*741 James B. Gibson, Public Defender and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for respondent.
GRIMES, Chief Justice.
We review State v. Disbrow, 626 So.2d 1123 (Fla. 5th DCA 1993), in which the court certified the following as a question of great public importance:
IS A REVERSE SPLIT SENTENCE A DOWNWARD DEPARTURE FROM THE GUIDELINES WHICH REQUIRES WRITTEN JUSTIFICATIONS?
Id. at 1124. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Arthur Disbrow was convicted of two burglaries and received two sentences of five and fifteen years of probation. He then violated his probation by committing the offense of loitering and prowling. The trial judge revoked his two previous probation sentences and sentenced Disbrow to two years of community control followed by terms of five and thirteen years of incarceration. As part of the sentence the judge held that if Disbrow complied with the conditions of the community control the terms of incarceration would be modified and eliminated. These sentences are known as "back end" or reverse split sentences.
The district court of appeal vacated the sentence and remanded for resentencing. The court reasoned that there was no difference between the trial judge's sentence and a straight probationary sentence with a threat of incarceration upon a violation of the probation. The court held that because this sort of sentence would be a downward departure in the instant case the trial court would have to provide written reasons.
A reverse split sentence is a legal sentence under section 948.01(11), Florida Statutes (1991). However, we cannot accept the argument that a reverse split sentence is exempt from the sentencing guidelines any more than other sentencing options under section 948.01, which dictates when a court may impose sentences of probation and community control. In fact, this Court has made it clear that sentencing alternatives should not be used to thwart the guidelines. Poore v. State, 531 So.2d 161, 165 (Fla. 1988). When the legislature wants to exempt a sentence from the guidelines, it knows how to do it. For example, in section 775.084, Florida Statutes (1991), another statute which covers special sentences, the legislature expressly stated that the section is exempt from the sentencing guidelines. However, such an exemption is not mentioned in section 948.01(11) or any place else in section 948.01. Thus, it appears that the legislature did not intend for a judge imposing a reverse split sentence to disregard the sentencing guidelines.
In the instant case, Disbrow's recommended sentence was seventeen to forty years of incarceration. Yet, the trial judge's reverse split sentence could spare Disbrow of serving any term of incarceration. The possibility of no incarceration is enough to constitute a downward departure which would require written reasons under the guidelines. Therefore, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.