STEVENSON, J.
Appellee, James Williams, pled guilty to possession of cocaine pursuant to sections 893.03(2)(a)4 and 893.13(6)(a), Florida Statutes (1997). Although appellee’s sentencing guidelines scoresheet recommended a sentence of seventy-six (76) months with a minimum of fifty-seven (57) months and a maximum of ninety-five (95) months, the trial judge sentenced appellee to two years probation and successful completion of the Turning Point Bridge Drug Program. At the sentencing hearing, the judge stated that she was sentencing appellee “pursuant to chapter 397 ... to drug offender probation.” The State objected to “the downward departure” and to the statute which the court was “outlining.” Subsequently, on appellee’s sentencing guidelines scoresheet, the judge cited chapter 948 as authorization for the sentence and checked off the block for “drug offender probation.” Because the basis for the sentence is unclear from the transcript of the sentencing hearing and the record on appeal, we vacate and remand for resentenc-ing.
Section 397.705(1), Florida Statutes (1997), the chapter referred to by the judge at the sentencing hearing, provides that a trial judge may require any “substance abuse impaired offender” convicted of a crime to receive drug abuse treatment in addition to the penalty otherwise required by the sentencing guidelines. Chapter 948, cited by the judge in the written order, also gives trial judges drug treatment options for certain drug offenders. Section 948.01(13), Florida Statutes (1997), authorizes “drug offender probation” for chronic substance abusers who violate chapter 893, and section 948.034 authorizes probation with drug treatment for drug possession offenders who violate certain enumerated provisions of section 893.13. Section 948.034 gives the trial judge the discretion to order probation and drug treatment in lieu of a sentence under the sentencing guidelines; section 948.01(13) allows the court to withhold *2 the imposition of sentence and place the defendant on drug offender probation. Sentences under sections 948.034 and 948.01(13) are not technically “departures” since they are imposed completely outside of the guidelines.[1]
The terms of “drug offender probation,” pursuant to section 948.01(13)(a), require the court to place the defendant in a program developed by the Department of Corrections “which emphasizes a combination of treatment and intensive community supervision approaches and which includes provision for supervision of offenders in accordance with a specific treatment plan.” Where, as here, a defendant has been previously convicted of felony drug possession, a sentence to probation with drug treatment, under section 948.034(2)(b), requires the trial court to impose a term of probation of no less than 18 months, with the prerequisite that the defendant reside at a “community residential drug punishment center” for 90 days (subject to budgetary considerations and available space).
On appeal, the State acknowledges the trial court’s discretion to impose probation and drug treatment outside of the guidelines, but argues that the probation ordered in the instant case qualifies neither as drug offender probation under section 948.01(13) nor probation with drug treatment under section 948.034(2)(b). The State maintains that appellee’s probation is not properly classified as “drug offender probation” under section 948.01(13) because he was not placed in a program developed by the Department of Corrections, and that the probation is not proper under section 948.034(2)(b) because the program to which appellee was ordered, Turning Point Bridge, is not a designated “community drug punishment center,” as defined by section 948.001(6), Florida Statutes (1997). We agree with the State that it was effectively precluded from making this argument below, or building a record to support it, because the trial judge failed to mention chapter 948 at appellee’s sentencing hearing, but instead referenced chapter 397.
Because the record is unclear as to which penalty the judge intended to order, in the interest of justice for all concerned, we vacate the sentence and remand for resentencing. See Caracciolo v. State, 564 So.2d 1162 (Fla. 4th DCA 1990)(holding that where there is ambiguity in the sentencing order, the proper remedy is remand for resentencing); Hollinger v. State, 530 So.2d 463 (Fla. 5th DCA 1988)(same). On remand, after the basis for the sentence is clarified, the State may then present its challenge to the propriety of the sentence ordered.
REVERSED and REMANDED for re-sentencing.
GUNTHER and WARNER, JJ„ concur.

. Violation of probation imposed under either section 948.01(13) or 948.034 may lead to a sentence under the guidelines. See §§ 948.034(0(0 & 948.01 (13)(b).