PER CURIAM.
Appellee pled guilty to one count of possession of cocaine in violation of sections 893.03(2)(a)4. and 893.13(6)(a), Florida Statutes (1997). The trial court sentenced appel-lee to two years of community control, ordered successful completion of a substance abuse treatment program and participation in a drug abuse self-help group, imposed a $1500 fine, and required 200 hours of community service. We reject the State’s argument on appeal that this is an improper departure sentence without valid reasons. In fact, the legislature specifically gave trial judges the discretion to impose such sentences, outside the sentencing guidelines, for certain enumerated drug offenses. Section 948.034(2), Florida Statutes (1997) provides:
(1) On or after October 1,1993, any person who violates s. 893.13(l)(a)2., (2)(a)2., (5)(b), or (6)(a) may, in the discretion of the trial court, be required to successfully complete a term of probation in lieu of serving a term of imprisonment as required or authorized by s. 775.084 [habitual offender statute] or s. 921.001 [sentencing guidelines]....
The language “in lieu of serving a term of imprisonment as required or authorized by ... s. 921.001” is clear and unambiguous and must be construed according to its plain meaning. See State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996) (“If the language of the statute is clear and unambiguous, a court must derive legislative intent from the words used....”).
AFFIRMED.
GUNTHER, STEVENSON, JJ., and BAKER, MOSES, Jr., Associate Judge, concur.