SALCINES, Judge.
In this appeal, the State argues that the trial court erred when it sentenced Alethia Jones to two years’ drug offender probation pursuant to section 948.01(13), Florida *41 Statutes (Supp.1998), without giving written reasons for the downward departure sentence. We reverse and remand.
Jones was charged with possession of cocaine in violation of section 893.13, Florida Statutes (Supp.1998). It is undisputed that under the sentencing guidelines her score required a sentence of imprisonment. The trial court conducted an evidentiary hearing at which a psychiatrist testified that Jones was a chronic substance abuser. The trial court concluded that it had the discretion under section 948.01(13) to order drug offender probation in lieu of imprisonment under the sentencing guidelines. In a separate written order, the trial court cited to State v. Brown, 723 So.2d 857 (Fla. 4th DCA 1998), and State v. Williams, 759 So.2d 1 (Fla. 4th DCA 1998), to support the sentence which was allegedly being imposed, not as a departure sentence, but outside the guidelines. Jones executed a written plea of nolo con-tendere to the charge in exchange for the probationary sentence.
The trial court’s citation to Brown to support its decision was erroneous because that ease interpreted section 948.034(2), Florida Statutes (1997), an unrelated statute which specifically authorizes the trial court to impose probation in lieu of a term of imprisonment as required or authorized by the sentencing guidelines when a defendant has been convicted of certain enumerated offenses involving controlled substances which are third degree felonies. See § 893.13(l)(a)2., (2)(a)2., (5)(b), and (6)(a), Fla. Stat. (Supp.1998). The statute which is applicable in the present case, section 948.01(13), does not contain such a provision. Further, in Disbrow v. State, 642 So.2d 740, 741 (Fla.1994), the supreme court, in dicta, discussed the fact that sentencing under section 948.01 falls within the sentencing guidelines.
The Williams opinion specifically held that the drug treatment options pursuant to section 948.01(13), technically were not departure sentences. The trial court’s reliance upon this opinion, in the absence of other controlling authority, was proper. However, we disagree with the holding in Williams and note that in the more recent opinion of State v. Moss, 758 So.2d 1275 (Fla. 4th DCA 2000), the Fourth District made no reference to the Williams ease, but stated:
We affirm appellee’s downward sentence pursuant to section 948.01(13), Florida Statutes (1997). However, we remand this case to the trial court to provide written reasons for the departure. See Donaldson v. State, 722 So.2d 177, 188-89 (Fla.1998) (“Upon sentencing a defendant outside the sentencing guidelines, the trial court must attach to the sentencing order contemporaneous written reasons for the downward departure.”)
Thus, it appears that the Fourth District has receded from Williams. However, to the extent that Williams may be considered to be valid precedent, we decline to follow it and certify conflict.
We hold that Jones’s sentence of drug offender probation is a departure sentence to which the trial court failed to set forth written reasons for the downward departure. Accordingly, the drug offender probation sentence is reversed and this matter is remanded to the trial court to afford Jones the opportunity to withdraw her plea, if desired, and for further proceedings.
Reversed and remanded.
BLUE, A.C.J., and FULMER, J., Concur.