813 So.2d 22 (2002)
Alethia JONES, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-2127.
Supreme Court of Florida.
January 24, 2002.
Rehearing Denied March 22, 2002.
*23 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Ronald Napolitano, Assistant Attorney General, Tampa, FL, for Respondent.
PARIENTE, J.
We have for review the opinion in State v. Jones, 772 So.2d 40 (Fla. 2d DCA 2000), which the Second District Court of Appeal certified to be in conflict with the Fourth District Court of Appeal's opinion in State v. Williams, 759 So.2d 1 (Fla. 4th DCA 1998), on the question of whether section 948.01(13), Florida Statutes (Supp.1998), which provides for the sanction of drug offender probation, is an alternative sentencing scheme independent of the sentencing guidelines. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. Based on the express language of section 948.01(13), we hold that this statute provides an alternative sentencing scheme for drug offenders that is outside of the sentencing guidelines.

FACTS
The St. Petersburg Police Department arrested Alethia Jones on February 21, 1999, for possession of one rock of crack cocaine. Subsequently, Jones was charged by information with possession of cocaine in violation of section 893.13, Florida Statutes (Supp.1998). After conducting a hearing in which a psychiatrist testified, the trial court found Jones to be a chronic substance abuser pursuant to section 948.01(13), Florida Statutes (Supp.1998).
Although the sentencing guidelines mandated prison time, Jones argued that the trial court could place her on drug offender probation pursuant to section 948.01(13). The State argued that the sentencing guidelines applied to Jones' case *24 and mandated that the trial court sentence Jones to prison.
The trial court agreed with Jones and entered a written order finding that it had the discretion under section 948.01(13) to impose drug offender probation. Based on Jones' written plea of nolo contendere, the trial court adjudicated Jones guilty and placed her on two years of drug offender probation pursuant to section 948.01(13). The State appealed the imposition of probation.
The Second District reversed, holding that the imposition of probation was an improper downward departure from the guidelines. See Jones, 772 So.2d at 41. In doing so, the Second District relied on our decision in Disbrow v. State, 642 So.2d 740, 741 (Fla.1994), stating that "the supreme court, in dicta, discussed the fact that sentencing under section 948.01 falls within the sentencing guidelines." Jones, 772 So.2d at 41. However, the Second District observed that in State v. Williams, 759 So.2d 1 (Fla. 4th DCA 1998), the Fourth District held that drug treatment options pursuant to section 948.01(13) were not departure sentences. See Jones, 772 So.2d at 41. The Second District certified conflict with Williams. See Jones, 772 So.2d at 41.

ANALYSIS
Section 948.01(13) provides in pertinent part:
If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of chapter 893, the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt; and, in either case, it may stay and withhold the imposition of sentence and place the defendant on drug offender probation.
Pursuant to this statute, drug offender probation is governed by a program run by the Department of Corrections which must emphasize "a combination of treatment and intensive community supervision approaches." § 948.01(13)(a). The program may include graduated sanctions and "shall include surveillance and random drug testing." Id. In addition, treatment and intensive surveillance, rather than incarceration, is available to defendants who qualify based on the nonviolent nature of the crime with which they are charged and their status as chronic substance abusers. Nevertheless, a violation of drug offender probation subjects the defendant to revocation of probation and may lead to incarceration. See § 948.01(13)(b) ("Offenders placed on drug offender probation are subject to revocation of probation as provided in s. 948.06.").
"This Court has repeatedly held that the plain meaning of statutory language is the first consideration of statutory construction." State v. Bradford, 787 So.2d 811, 817 (Fla.2001). The plain language of section 948.01(13) is designed to vest discretion in a trial court to impose drug offender probation on chronic substance abusers who are charged with drug offenses under chapter 893, Florida Statutes. Accordingly, in our view, section 948.01(13) by its express terms provides an alternative sentencing scheme for drug abusers that is outside the sentencing guidelines.
The State argues, however, that the Legislature implicitly repealed section 948.01(13) through changes made in 1997 to Florida's sentencing guidelines. See ch. 97-194, Laws of Fla. Specifically, the State points to section 921.0026(3), Florida Statutes (Supp.1998), which prohibits the use of a defendant's substance abuse or addiction as a reason for downward departure from the sentencing guidelines. According *25 to the State, this prohibition either repeals section 948.01(13), or, at the very least, requires that section 948.01(13) not be exempt from the guidelines.
As we have stated, "[i]t is well settled in Florida that the courts will disfavor construing a statute as repealed by implication unless that is the only reasonable construction." Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 250 (Fla.1987). Instead, we are obligated "to adopt an interpretation that harmonizes two related, if conflicting, statutes while giving effect to both." Id. The sentencing guidelines and section 948.01(13) may be so harmonized by recognizing that one is general, whereas the other is specific.
The sentencing guidelines as set forth in section 921.0026 apply broadly to all felonies and provide for general sentencing guidelines. Section 948.01(13), on the other hand, applies only to violations of chapter 893, which defines nonviolent drug crimes. See § 948.01(13), Fla. Stat. Thus, the one statute prohibits using drug addiction as a general means for departing from a guidelines sentence, and the other statute provides for a specific treatment alternative to incarceration for specific drug-related crimes. Because a specific statute controls over a general statute and provides an exception to the general rule, see M.W. v. Davis, 756 So.2d 90, 106 n. 31 (Fla.2000), the specific language of section 948.01(13) controls over the more general sentencing guidelines.
The 1998 changes to the sentencing guidelines established the Florida Criminal Punishment Code and made substantial changes in the application of the sentencing guidelines. See, e.g., Fla. H.R. Comm. on Crime and Punishment CS/HB 241 (1997) Final Bill Research and Economic Impact Statement (June 4, 1997). However, the legislative analysis for the 1998 changes to the sentencing guidelines does not list section 948.01(13) as one of the statutes affected by the enacting bill. See id.[1] Although the enactment of section 921.0026(3) may indicate that the Legislature intended to limit the ability of trial courts to impose a downward departure from the sentencing guidelines solely on the basis of drug addiction, there is no question that section 948.01(13), as well as the other specific statutes dealing with treatment for substance abusers, indicate a strong policy in favor of treatment over incarceration for certain nonviolent drug-related crimes.[2]
*26 Indeed, in enacting section 948.01(13) and the sanction of drug offender probation, the Legislature's stated purpose was "to provide alternative punishments to fill the void between probation and prison, and to divert offenders from the state prison system." Fla. H.R. Comm. on Corrections, HB 2373 (1991) Staff Analysis (May 2, 1991). The text of section 948.01(13)(a) calls for a Department of Corrections program that includes a specific treatment plan, intensive community supervision, surveillance, and random drug testing. The Legislature has never repealed section 948.01(13), nor has it ever even modified the statute in any material way. See § 948.01(13), Florida Statutes (2000). In fact, even as recently as the 2001 regular legislative session, the Legislature reaffirmed its commitment to treatment-based alternatives as opposed to incarceration by enacting chapter 2001-48, Laws of Florida, a comprehensive statute codifying criteria for treatment-based drug courts and expanding the availability of treatment-based drug courts. Section 1 of that provision states in part:
It is the intent of the Legislature to implement treatment-based drug court programs in each judicial circuit in an effort to reduce crime and recidivism, abuse and neglect cases, and family dysfunction by breaking the cycle of addiction which is the most predominant cause of cases entering the justice system. The Legislature recognizes that the integration of judicial supervision, treatment, accountability, and sanctions greatly increases the effectiveness of substance abuse treatment.
Ch.2001-48, § 1, Laws of Fla.[3]
In its decision below, the Second District relied on Disbrow for the contention that sentencing under section 948.01 was within the guidelines. See Jones, 772 So.2d at 41. However, the Second District correctly characterized that statement as dicta. See id. Disbrow's plain holding is simply that section 948.01(11), Florida Statutes (1991)[4] is not exempt from the guidelines, and that case makes no binding statement regarding section 948.01(13). See Disbrow, 642 So.2d at 741. Disbrow's reasoning is also revealing. The Court stated that "[w]hen the legislature wants to exempt a sentence from the guidelines, it knows how to do it," and then went on to discuss the fact that section 948.01(11) has no language that could be construed as an exemption. See *27 id. This is not true of section 948.01(13), which authorizes a trial court to "stay and withhold the imposition of sentence and place the defendant on drug offender probation." § 948.01(13), Fla. Stat (Supp. 1998). If a court may withhold a sentence for a specific crime based on specific criteria, guidelines as to what form and duration that sentence may take do not apply. The Legislature does know how to exempt a sentence from the guidelines, and did so in section 948.01(13).
Accordingly, we hold that the Fourth District correctly recognized that section 948.01(13) was an alternative to the sentencing guidelines and could be imposed completely outside of the guidelines. See Williams, 759 So.2d at 2. We therefore quash the Second District's opinion and approve Jones' section 948.01(13) drug offender probation as imposed by the trial court. This interpretation will result in Jones being treated under drug offender probation, instead of being incarcerated. This result is consistent with the actual statutory language and the strong policy considerations that treatment, not incarceration, is the most effective and most cost-efficient way to break the cycle of drugs and crime.[5]
It is so ordered.
SHAW, ANSTEAD, and QUINCE, JJ., concur.
WELLS, C.J., dissents with an opinion, in which HARDING and LEWIS, JJ., concur.
WELLS, C.J., dissenting.
I respectfully dissent as I conclude that section 948.01(13), Florida Statutes (Supp. 1998), does not provide a sentencing alternative to the sentencing guidelines established by the Criminal Punishment Code (Code). I would approve the Second District's opinion in State v. Jones, 772 So.2d 40 (Fla. 2d DCA 2000), and disapprove the Fourth District's opinion in State v. Williams, 759 So.2d 1 (Fla. 4th DCA 1998).
In 1997, the Florida Legislature enacted a reform to Florida's sentencing scheme when it enacted the Criminal Punishment Code. See ch. 97-194, Laws of Fla. The Code applies to all felonies, except capital felonies, committed on or after October 1, 1998. See § 921.0027, Fla. Stat. (1997). The crime in this case occurred February 21, 1999; thus, the Code provisions apply. Section 921.00265(1), Florida Statutes (Supp.1998), provides that the lowest permissible sentence is presumed to be the lowest possible sentence required by the *28 sentencing points. Subsection (2) of that statute states that a trial court may depart from the lowest sentence; however, the trial court must supply written reasons for the departure. Section 921.0026(1), Florida Statutes (Supp.1998), prohibits a downward departure unless there is a mitigating circumstance described in subsection (2). Nothing in subsection (2) authorizes a downward departure for substance abuse.[6] Subsection (3) specifically prohibits a defendant's substance abuse or addiction from being a mitigating factor.[7]
According to the petitioner's scoresheet, petitioner has sixteen prior felony convictions and twenty prior misdemeanor convictions. Her prior felonies include convictions for aggravated assault, burglary, grand theft, uttering a forged instrument, possession of cocaine (two prior convictions), felony petit theft, felony worthless check, and failure to appear while on bond. Her prior misdemeanor convictions include petit theft, worthless checks, and driving while license is suspended or revoked. Given petitioner's prior criminal record, there is no dispute that the sentencing guidelines mandate prison time.
The discrete issue in this case is whether section 948.01(13), Florida Statutes (Supp.1998), is an alternative sentencing scheme independent from the mandatory provisions of the sentencing guidelines established by the Code. I cannot agree with the majority's conclusion that this statute "provides an alternative sentencing scheme for drug abusers that is outside the sentencing guidelines." Majority op. at 24. I conclude that the majority fails to recognize and follow this Court's existing precedent in which this Court made clear that sentencing alternatives should not be used to thwart sentencing guidelines. See Disbrow v. State, 642 So.2d 740, 741 (Fla. 1994); Poore v. State, 531 So.2d 161, 165 (Fla.1988); see also King v. State, 648 So.2d 183, 190 (Fla. 1st DCA 1994), quashed on other grounds, 681 So.2d 1136 (Fla.1996). Only when the Legislature expressly authorizes sentencing outside the guidelines may a court do so. See Disbrow, 642 So.2d at 741. The Legislature did not do so in adopting section 948.01(13).
The majority contends that the plain language of section 948.01(13) establishes that statute as a sentencing alternative to the Code's guidelines. See majority op. at 24. The majority apparently relies upon the permissive language of the statute to reach its conclusion. See § 948.01(13), Fla. Stat. (Supp.1998) ("[T]he court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt; and in either case, it may stay and withhold the imposition of sentence ....") (emphasis *29 added). The majority, however, omits the holding in Disbrow where this Court found that similar permissive language of section 948.01(11), Florida Statutes (1991), did not establish the Legislature's intent that the statute was an alternative to the sentencing guidelines. See Disbrow, 642 So.2d at 741. Section 948.01(11) provided in pertinent part: "The court may also impose ... which may be followed...." (Emphasis added.) Moreover, the majority also omits the fact that sections 948.01(11) and (13), Florida Statutes (1991), were adopted by the Legislature in the same section of the same bill. See ch. 91-255, § 14, at 2264, Laws of Fla. This Court should treat similar statutes similarly, especially where the statutes are enacted by the same section of the same bill and there is no indication the Legislature intended the statutes to be treated differently.
In Disbrow, this Court concluded that section 948.01(11), a statute providing for split sentences, did not authorize courts to disregard the sentencing guidelines. 642 So.2d at 741. This Court explained: "When the legislature wants to exempt a sentence from the guidelines, it knows how to do it.... However, such an exemption is not mentioned in section 948.01(11) or any place else in section 948.01." Id. at 741 (emphasis added). Importantly, the 1991 and 1998 versions of subsection (13) are identical. While I agree with the majority that the phrase "or any place else in section 948.01" from Disbrow is dicta, 642 So.2d at 741, it does not necessarily follow that this Court erred in stating this observation. The lesson from Disbrow is that a statute written with permissive language was not, in itself, explicit enough to evince the Legislature's intent that the statute was a sentencing alternative to the guidelines. This Court in Disbrow cited to section 775.084, Florida Statutes (1991), as an example of a statute which provided a sentencing alternative.[8] Clearly, section 948.01(13), Florida Statutes (Supp.1998), contrary to the majority's contention, does not explicitly provide that it is an alternative to sentencing under the guidelines.
The majority supports its position by observing that a June 4, 1997, staff analysis to Committee Substitute for House Bill 241, the bill which became chapter 97-194, Laws of Florida, does not indicate that section 948.01(13) was affected by the enactment of the Code. See majority op. at 25. The majority's cite to this staff analysis, however, is unavailing. The staff analysis reference to "statute(s) affected" merely is a listing of those statutes in which the language of a statute is altered. This listing of statutes in no way provides support for the conclusion the altered statutes have affect on other statutes as the majority implies.[9]
*30 A staff analysis to Committee Substitute for Senate Bill 716, the bill which effectively became chapter 97-194,[10] contains the following discussion:
An offender's permissible sentencing range would be the result of calculating total sentence points to establish the minimum prison sentence allowable. Judges would be required, at a minimum, to sentence an offender to the length of time determined by the points absent any valid written departure down from the minimum sentence. A judge would be able to sentence an offender up to the statutory maximum allowable prison sentence for the respective level of offense pursuant to s. 775.082, F.S. Therefore, the statutory maximum sentence for an offense is the "ceiling" for a possible sentence to be imposed upon an offender.
The trial judges could depart down from the permissible sentencing range if valid written reasons are provided by the court. CS/SB 716 provides the valid mitigating factors that may be used for a downward departure in sentence. The use of a defendant's substance abuse or addiction would be prohibited from being used as a mitigating factor to depart from the permissible sentencing range. The state could appeal a downward departure sentence. Because the permissible sentencing range is broadened to the statutory maximum, "upward" departures would be eliminated.
Fla. S. Comm. on Crim. Justice, CS for SB 716 (1997) Staff Analysis at 5 (April 15, 1997) (emphasis added). Even a brief review of the etiology of chapter 97-194, Laws of Florida, indicates that the 1997 Legislature made a clear and unequivocal policy choice with regard to sentencing and the inapplicability of a defendant's substance abuse to avoid mandatory prison time.
The majority further supports its decision by arguing that chapter 97-194, Laws of Florida, did not repeal by implication section 948.01(13). See majority op. at 25. The majority identifies section 948.01(13) as a more specific statute to the general prohibition of not using a defendant's substance abuse as a valid reason to downwardly depart. I agree with the majority that this Court in Palm Harbor Special Fire Control District v. Kelly, 516 So.2d 249, 250 (Fla.1987), established the principle that this Court disfavors finding a statute to be repealed by implication; instead a court should attempt to harmonize the two conflicting statutes in such a way to give meaning to both statutes. See majority *31 op. at 25. I cannot agree, however, with the manner in which the majority "harmonizes" these statutes because the majority's construction fails to give any effect to the Code. Pursuant to the mandate of Palm Harbor to give effect to both statutes, 516 So.2d at 250, I would construe section 948.01(13) to allow a court to sentence a defendant to drug probation in those instances where the sentencing guidelines do not require prison time. This construction is preferable because it gives effect to section 948.01(13) and to the mandatory provisions of the Code.[11]
Accordingly, I dissent.
NOTES
[1] In contrast, the legislative analysis indicates that the bill specifically amended sections 397.705 and 893.15, Florida Statutes "to prevent a judge from dismissing a drug related case after a defendant successfully completes a drug rehabilitation program. A judge will still have the ability to dismiss offenses for the possession of controlled substances through `drug court' which is authorized under a separate chapter." See Fla. H.R. Comm. on Crime and Punishment CS/HB 241 (1997) Final Bill Research and Economic Impact Statement (June 4, 1997) at 5 (citations omitted).
[2] Apparently, in this case Jones also would have qualified for treatment under section 948.034, Florida Statutes (Supp.1998), which the State concedes is a sentencing option outside of the guidelines. Section 948.034 is another alternative to the sentencing guidelines concerning certain chapter 893 drug-related offenses, which includes as a condition that the offender "reside at a community residential drug punishment center." § 948.034(1)(a), Fla. Stat. (Supp.1998). "Placement of an offender at a community residential drug punishment center is subject to budgetary considerations and availability of bed space." Id. Section 948.001(6), Florida Statutes (Supp.1998), defines a "community residential drug punishment center" as a "residential drug punishment center designated by the Department of Corrections." The record in this case reflects that the probation and parole official advised the trial court that it had a drug offender probation program with special conditions for Jones, but it did not have a residential facility for that purposes. Thus, it appears that the lack of an available residential treatment center was the sole reason that option was not available to Jones.
[3] Chapter 2001-48 deals with pretrial intervention programs where, if the defendant successfully completes the program, the charges are dismissed. See, e.g., §§ 948.08, 948.16, Fla. Stat. (2001). In contrast, sections 948.01(13) and 948.034 are sentencing options.
[4] Section 948.01(11), Florida Statutes (1991), concerning split sentences, provided:

(11) The court may also impose a split sentence whereby the defendant is sentenced to a term of probation which may be followed by a period of incarceration or, with respect to a felony, into community control, as follows:
(a) If the offender meets the terms and conditions of probation or community control, any term of incarceration may be modified by court order to eliminate the term of incarceration.
(b) If the offender does not meet the terms and conditions of probation or community control, the court shall impose a term of incarceration equal to the remaining portion of the order of probation or community control. Such term of incarceration shall be served under applicable law or county ordinance governing service of sentences in state or county jurisdiction. This paragraph does not prohibit any other sanction provided by law.
[5] According to Florida Drug Control Strategy, promulgated by the Florida Office of Drug Control, Executive Office of the Governor, illicit drug activity in Florida "accounts for as much as 80% of the over 1.2 million personal and property crimes reported annually in the state." Florida Drug Control Strategy at 2-11 (Fla. Office of Drug Control 1999). Drug addicts have the highest rates of recidivism, see id. at 4-16, and untreated or inadequately treated offenders typically commit up to one hundred offenses annually even after incarceration and release, see id. at 4-25.

Experience has shown that closely supervised treatment of nonviolent drug offenders is an effective method of reducing drug-related crime and recidivism. See id. at 1-8. The absolute cost of treatment is significantly less than incarceration; a prisoner costs the State $19,000 per year, but a person in outpatient drug treatment costs the State only $900 per year. See id. at 4-25. In other words, treatment with close supervision costs less than 5% of the cost of incarceration and significantly reduces the likelihood of recidivism.
All three branches of government in this State have recognized that drug abuse is a serious problem that directly exacerbates crime. The drug courts of this state, begun in Dade County over a decade ago, are one example of a cooperative long-term approach to breaking the revolving door cycle of drugs and crime.
[6] Former section 921.0016(4)(d), Florida Statutes (Supp.1996), repealed by 97-194, § 1, at 3674, Laws of Fla., provided that addiction was a valid departure reason. However, the Legislature removed addiction as a valid ground for downward departure. See ch. 97-194, § 41, at 3728, Laws of Fla. (codified as section 921.0026(3)); State v. Lazo, 761 So.2d 1244, 1245 (Fla. 2d DCA 2000) ("A defendant's drug addiction and amenability to rehabilitation are no longer valid reasons for a downward departure from sentencing guidelines."); State v. Norris, 724 So.2d 630 (Fla. 5th DCA 1998) (drug addition is no longer valid reason for downward departure sentence); see also § 921.0026(3), Fla. Stat. (Supp.1998).
[7] The Legislature was very explicit that substance abuse or addiction was not a valid reason for departure. Section 921.0026(3), Florida Statutes (Supp.1998), provides:

The defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (2) and does not, under any circumstances, justify a downward departure from the permissible sentencing range.
(Emphasis added.)
[8] Section 775.084(4)(e), Florida Statutes (1991), provided: "A sentence imposed under this section shall not be subject to the provisions of s. 921.001."
[9] The majority's footnote 1 includes as an example of two statutes amended by chapter 97-194, sections 397.705 and 893.15, Florida Statutes. The staff analysis makes clear that the amendments to these statutes were in specific reaction to this Court's September 5, 1996 decision in State v. Dugan, 685 So.2d 1210, 1213 (Fla.1996), in which this Court held that a trial court retains discretion to dismiss charges against an individual who successfully completes a drug treatment program. See Fla. H.R. Comm. on Crime and Punishment CS/HB 241 (1997) Final Bill Research and Economic Impact Statement (June 4, 1997) at 5. Whether these two statutes were amended by chapter 97-194 has no bearing on whether section 948.01(13) is outside the sentencing guidelines.

Other provisions of chapter 97-194, however, make clear that a defendant's drug abuse is not an appropriate factor to be considered by the trial court to avoid the sentencing guidelines. The staff analysis cited by the majority also states: "The bill also prohibits judges from using the defendant's substance abuse or addiction as a mitigation factor supporting a downward departure from the sentencing guidelines, effective July 1, 1997. This prohibition is also included in the Criminal Punishment Code." Id. (emphasis added).
[10] While chapter 97-194 identifies its genesis as Committee Substitute for House Bill 241, that bill was merely the vehicle which was used to adopt the Code; Committee Substitute for Senate Bill 716 was the bill which effectively became law. The House, on April 29, 1997, adopted the second substitute amendment as amended to Committee Substitute for House Bill 241. See Fla. H.R. Jour. at 1133-1155 (Reg.Sess.1990). This passed bill was sent to the Senate chamber under the heading of CS/HB 241.

The Senate considered Committee Substitute for House Bill 241 on May 1, 1997. See Fla. S. Jour. 1242 (Reg.Sess.1997). Then Senator Horne moved a strike-everything after the enacting clause (with title amendment) amendment. See id. at 1243. The substance of that amendment is almost identical to Committee Substitute for Senate Bill 716. See id. at 1243-1262. The amendment was agreed to, and the bill unanimously passed the Senate. See id. at 1262. On return to the House, the House receded from its position and passed Committee Substitute for House Bill 241 as amended by the Senate. See Fla. H.R. Jour. at 1870-1891 (Reg.Sess.1997).
[11] The majority's invocation of the rule of construction that a more specific statute controls a more general statute fails to address the fact that section 948.01(13) did not plainly express an intent for the statute to be a sentencing alternative. As noted above, section 948.01(13) can be read in pari materia with the Code to give effect to both provisions.