886 So.2d 434 (2004)
M. Ross SHULMISTER, Appellant,
v.
CITY OF POMPANO BEACH, a Florida municipality, and Pompano Beach Redevelopment Agency, Appellees.
No. 4D03-2919.
District Court of Appeal of Florida, Fourth District.
November 17, 2004.
*435 M. Ross Shulmister, Pompano Beach, pro se, for appellant.
Susan F. Delegal of Holland & Knight LLP, Fort Lauderdale, for appellees.
KLEIN, J.
We now withdraw our opinion filed on August 18, 2004 and replace it with this opinion.
This appeal involves whether the City of Pompano Beach, under its charter, can convey property designated as a recreation facility without a referendum. We conclude that it can.
In 1976, the City adopted a charter which provided that within a short period the City would certify an inventory of all property owned by the City and assign a designation to each parcel. The charter generally authorized the City to sell or dispose of city property by resolution adopted by the city commission. Certain property, however, including recreational facilities, could be transferred only after approval in a referendum election. The property in this case, a parking lot near the ocean, was designated "recreational facility" in 1977. The charter authorizes the commission to redesignate property by ordinance.
In this case, instead of holding a referendum, the City redesignated a recreational facility (parking lot near ocean) to a different classification which did not require a referendum to sell or transfer. At the same meeting the City passed a resolution authorizing the transfer of the property to the City of Pompano Beach Community Redevelopment Agency. Appellant contended in this suit that the transfer without a referendum violated the charter.
The relevant provisions are in section 253 of the charter, which provides in part:
(a) Power to sell. The City of Pompano Beach is empowered to sell or dispose of any lands, improvements, public buildings, recreational parks or other lands now owned or hereafter acquired by said city, except as otherwise provided herein.
(b) Resolution declaring surplus. Before any lands, the title to which is vested in the City of Pompano Beach, shall be sold, the City Commission shall adopt a resolution at a regular or special meeting of the City Commission particularly describing the land by legal description, reference to a recorded plat or government survey, its location by street number, if there be any, a description of all improvements located upon the land, and shall declare how said land has been used since same has belonged to the city, why it is no longer needed for public purposes, and that the city does declare same surplus and desires to sell the same.
* * *
(f) Notwithstanding any power to sell as herein described, the City Commission shall not have the authority to dispose of property, or of airspace over property, that is designated as follows:
(1) Airport or airpark;
(2) Park;
(3) Golf course;
(4) Recreational facility.

*436 Any property designated airport, park, golf course, or recreational facilities shall be disposed of only after said disposal shall be approved by the majority of voters in an election called for the purpose of approving the disposition of said parcel or parcels.
Within one hundred twenty (120) days after the effective date of this subsection, the City Commission shall meet at public hearing after fourteen (14) days notice in a newspaper of general circulation in the city, and certify an inventory of all property owned by the City of Pompano Beach that is for purposes other than right-of-way, and shall assign a designation to said properties. Said designations shall be done by ordinance and the City Commission shall use the above designations plus any other designations deemed proper by the City Commission.
Any subsequent changes to the original designations shall only be made by the same process.
The trial court held that, because the last sentence set forth above authorizes changes to the original designations of property by ordinance, the City could, by ordinance, change the designation of "recreational facility," and then transfer the property by resolution.
Appellant argues that this interpretation makes that part of the charter requiring a referendum in order for the City to sell or transfer section 253(f) property meaningless. Unruh v. State, 669 So.2d 242 (Fla.1996) (courts should avoid interpretations which render parts of a statute meaningless). Another principle, however, requires courts to adopt interpretations which harmonize related, but conflicting provisions, so that both can be given effect. Jones v. State, 813 So.2d 22 (Fla.2002).
We are not persuaded by the appellant that allowing the City to redesignate and then transfer this property makes the referendum requirement meaningless. The drafters of the charter may well have intended to give the City two methods for disposing of section 253(f) property, depending on the circumstances. For example, if the City owned a golf course which it wanted to sell, but knew that the issue would be controversial, it would have the option of submitting the issue to an election. On the other hand, if the City owned a small parcel which had been designated a recreational facility, but was no longer being used, and the disposition of it was not controversial, the City would have the option of not going to the expense and delay involved in an election. This interpretation gives effect to both provisions.
We therefore affirm.
WARNER and TAYLOR, JJ., concur.