915 So.2d 622 (2005)
STATE of Florida, Appellant,
v.
Nathaniel ROPER, Appellee.
Nos. 5D04-3317, 5D04-3318.
District Court of Appeal of Florida, Fifth District.
August 12, 2005.
*623 Charles J. Crist, Jr., Attorney General, Tallahassee, Ann M. Phillips, Assistant Attorney General, Daytona Beach, and Elizabeth C. King, Attorney, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellee.
MONACO, J.
This appeal causes us to examine section 948.20, Florida Statutes (2004), concerning the imposition by the trial court of a placement for drug offender probation for crimes involving the delivery of a controlled substance and possession of a controlled substance with intent to sell or deliver. Because the statute does not authorize such a placement for these offenses, we conclude that the trial court erred.
The appellee, Nathaniel Roper, pled guilty to charges of delivery of cocaine and possession of cocaine with intent to sell or deliver, both in violation of section 893.13(1)(a)(1), Florida Statutes (2003). While waiting for sentencing for those violations, Mr. Roper was arrested and charged with possession of cocaine in violation of section 893.13(6), possession of drug paraphernalia in violation of section 893.147(1), as well as obstruction by a disguised person contrary to section 843.03. He pled no contest to the later charges.
A sentencing scoresheet reflected that Mr. Roper's lowest permissible sentence without departure under the Criminal Punishment Code was 17.925 months in state prison. At the request of Mr. Roper, however, the trial court determined that Mr. Roper was a chronic drug user, and placed him on drug offender probation for five years. The trial judge read section 948.20 and the case of Jones v. State, 813 So.2d 22 (Fla.2002), to authorize the non-prison placement. The state appeals. We have jurisdiction. See Rule 9.140(c)(1)(L), Fla. R.App. P.
Section 948.20 reads in pertinent part:
If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a), the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt; and, in either case, it may stay and withhold the imposition of sentence and place the defendant on drug offender probation.
A plain reading of the statute reflects that it applies only to violations of sections 893.13(2)(a) or (6)(a), Florida Statutes, which prohibit the purchase or possession of certain controlled substances, including cocaine. See State v. Lazo, 761 So.2d 1244 (Fla. 2d DCA 2000). As Mr. Roper pled guilty to charges involving delivery of cocaine and possession of cocaine with intent to sell or deliver, in violation of section 893.13(1)(a)(1), it appears that the *624 trial court was not authorized to use section 948.20 in sentencing.
Mr. Roper asserts, however, that the Jones case would permit the sentencing judge the discretion to place him on drug offender probation. Perhaps he might be correct if the legislature had not amended the statute.
The Florida Supreme Court in Jones held that drug offender probation for chronic substance abusers who commit non-violent drug crimes was available under a predecessor statute (section 948.01(13), Florida Statutes (Supp.1998)), as an alternative sentencing scheme independent of the sentencing guidelines. The Court determined that the plain language of the predecessor statute was designed to vest discretion in a trial court to impose drug offender probation on chronic substance abusers. But at the time of the Jones decision, the statute provided drug offender probation for a person who committed any violation of chapter 893. The statute was amended in 2001, however, to limit the availability of drug offender probation only to chronic substance abusers who violate sections 893.13(2)(a) or (6)(a) as the result of the purchase or possession of controlled substances. The availability of drug offender probation for persons such as Mr. Roper who are convicted of selling illicit drugs, or possessing those drugs with the intent to sell or deliver, was eliminated by the amendment. Thus, Jones provides little solace to Mr. Roper.
We acknowledge the good intentions of the trial judge to offer drug treatment to Mr. Roper. We also recognize that trial counsel could have done a far better job of bringing the amendment of the statute to the attention of the trial court. Nevertheless, we conclude that the error was sufficiently preserved for the purposes of this review. The Criminal Punishment Code requires a sentencing court to impose not less than the lowest permissible sentence calculated on the scoresheet, unless there is evidence that supports a valid reason for a downward departure. See State v. Tyrrell, 807 So.2d 122, 125 (Fla. 5th DCA 2002). Section 948.20 does not provide a basis in the present case for sentencing below the minimum calculated. We, therefore, reverse the sentence and remand this cause for resentencing.
REVERSED and REMANDED.
PLEUS, C.J., and KENNEDY, P., Associate Judge, concur.