962 So.2d 384 (2007)
Gregory HAYNES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5574.
District Court of Appeal of Florida, Second District.
August 8, 2007.
NORTHCUTT, Chief Judge.
Gregory Haynes appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the postconviction court's order in all respects, save one. The postconviction court erred when it amended Mr. Haynes' sentence on one count to add a term of drug offender probation, thereby unlawfully increasing his sentence.
*385 In his motion to correct illegal sentences in three cases, Mr. Haynes contended that the trial court's imposition of drug offender probation for the offenses of sale of cocaine (case 02-13110), possession of a controlled substance with intent to sell within 1000 feet of a place of worship (case 02-13111), and possession of cocaine with the intent to sell (case 02-06656) rendered those sentences illegal. Mr. Haynes correctly argued that drug offender probation is a sanction limited to chronic drug abusers who violate sections 893.13(2)(a) or (6)(a), Florida Statutes (2001); and section 948.01(13), Florida Statutes (2001), does not authorize drug offender probation for the foregoing offenses. See State v. Roper, 915 So.2d 622, 624 (Fla. 5th DCA 2005). Therefore, the postconviction court correctly struck drug offender probation from Mr. Haynes' sentences for sale of cocaine, possession of a controlled substance with intent to sell within 1000 feet of a place of worship, and possession of cocaine with intent to sell.
However, in count two of case 02-13110, Mr. Haynes was charged with and convicted of possession of cocaine, which is a qualifying offense for drug offender probation. Recognizing that fact, the postconviction court amended Mr. Haynes' five-year prison sentence for possession of cocainea legal sentenceby adding a term of drug offender probation to be served after his release from incarceration. In so doing, the postconviction court improperly modified Mr. Haynes' legal five-year prison sentence by tacking on a seven-year probationary term. See Pitts v. State, 935 So.2d 634, 635 (Fla. 2d DCA 2006) ("A motion to correct an illegal sentence does not authorize the trial court to modify a legal sentence imposed on another count."); Lane v. State, 627 So.2d 556, 557 (Fla. 2d DCA 1993). Accordingly, we reverse and remand for the postconviction court to strike drug offender probation from the sentence on count two in case 02-13110; otherwise, we affirm.
Affirmed in part, reversed in part, and remanded.
KELLY and CANADY, JJ., Concur.