970 So.2d 915 (2007)
Edward C. REDMOND, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-173.
District Court of Appeal of Florida, Fifth District.
December 28, 2007.
James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Redmond was sentenced to five years incarceration followed by ten years of drug offender probation after being convicted on a delivery of cocaine charge. We reject Redmond's claim that his sentence was the product of judicial vindictiveness.
The fact that the trial judge imposed a harsher sentence after trial than had been offered by the State (and made known to the judge) during pre-trial plea negotiations does not create a presumption of vindictiveness. Graff v. State, 843 So.2d 1012 (Fla. 5th DCA 2003). Here, the trial judge did not initiate or engage in plea negotiations with Redmond, nor did the trial judge imply that a harsher sentence would result if Redmond exercised his right to a jury trial. Rather, the trial judge simply gave Redmond the option to proceed to trial or to plead to the court. The trial judge was not required to give the parties additional time to conclude their plea negotiations, particularly where jury selection was set to begin.
*916 We do agree, however, that the trial court erred by placing Redmond on ten years drug offender probation for the offense of the delivery of cocaine. Section 948.20, Florida Statutes (2005), authorizes drug offender probation for violations of section 893.13(2)(a) or (6)(a), which prohibit the purchase or possession of certain controlled substances. The trial court was not authorized to impose drug offender probation for delivery of cocaine. State v. Roper, 915 So.2d 622 (Fla. 5th DCA 2005); see also Anderson v. State, 941 So.2d 446 (Fla. 4th DCA 2006). On remand, the trial court may resentence Redmond to regular probation. State v. DeMille, 890 So.2d 454 (Fla. 2d DCA 2004). The trial court may also impose such special conditions as it deems appropriate; provided that they are reasonably related to the offense and promote the rehabilitation of the defendant or the protection of the public. See Grubbs v. State, 373 So.2d 905 (Fla.1979); Cassamassima v. State, 657 So.2d 906 (Fla. 5th DCA 1995).
REVERSED and REMANDED for Resentencing.
PLEUS and MONACO, JJ., concur.