NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CAINETH JOSHUA ORR, )
)
Appellant, )
)
v. ) Case No. 2D15-5131
)
STATE OF FLORIDA, )
)
Appellee. )
)

Opinion filed December 7, 2016.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

Caineth Orr appeals his three convictions and sentences, specifically

challenging his sentence of 364 days in jail followed by two years' drug offender

probation for the offense of resisting an officer with violence.[1]  He argues that his

sentence of drug offender probation is unlawful because his offense of resisting an

officer with violence did not qualify for drug offender probation.  We agree and reverse

and remand for further proceedings.

Section 948.20(1), Florida Statutes (2014), provides when a trial court

may place a defendant on drug offender probation:

> If it appears to the court upon a hearing that the defendant is
> a chronic substance abuser whose criminal conduct is a
> violation of s. 893.13(2)(a) or (6)(a), or other nonviolent
> felony if such nonviolent felony is committed on or after July
> 1, 2009, and notwithstanding s. 921.0024 the defendant's
> Criminal Punishment Code scoresheet total sentence points
> are 60 points or fewer, the court may either adjudge the
> defendant guilty or stay and withhold the adjudication of
> guilt.  In either case, the court may also stay and withhold
> the imposition of sentence and place the defendant on drug
> offender probation or into a postadjudicatory treatment-
> based drug court program if the defendant otherwise
> qualifies.  As used in this section, the term "nonviolent
> felony" means a third[-]degree felony violation under chapter
> 810 or any other felony offense that is not a forcible felony
> as defined in s. 776.08.

Thus, to qualify for drug offender probation, the defendant's offense must be a violation

of section 893.13(2)(a) or (6)(a), a third-degree felony under chapter 810, or a felony

that is not a forcible felony under section 776.08.  Orr's offense is resisting an officer

with violence which is prohibited by section 843.01, Florida Statutes (2014), and is

therefore not a violation of section 893.13(2)(a) or (6)(a) or chapter 810.  See State v.

Roper, 915 So. 2d 622, 623-24 (Fla. 5th DCA 2005) (holding that trial court did not have

---

[1]Orr was convicted after a jury trial.  He was also convicted of possession of marijuana (twenty grams or less), § 893.13(6)(b), Fla. Stat. (2014), and possession of drug paraphernalia, § 893.147(1).  He was sentenced to time served on both of those misdemeanor charges.

discretion to sentence defendant to drug offender probation because applicable version of drug offender statute provided for such probation only for "violations of sections 893.13(2)(a) or (6)(a)" and defendant was convicted of section 893.13(1)(a)(1)); cf. Sutton v. State, 128 So. 3d 957, 958-59 (Fla. 2d DCA 2013) (holding that trial court had discretion to place defendant on drug offender probation where he was convicted of third-degree felony of burglary under section 810.02, Florida Statutes (2010), and amended version of drug offender statute "specifically include[d] third-degree felonies under chapter 810 in its definition of nonviolent felonies").

Moreover, Orr's offense does not constitute a nonviolent felony as that term is defined in section 948.20(1). The definition of nonviolent felony excludes offenses that constitute forcible felonies under section 776.08. The list of forcible felonies in section 776.08 includes "any other felony which involves the use or threat of physical force or violence against any individual." This court has held that the offense of resisting an officer with violence involves the use or threat of physical force or violence because "[o]ne of the elements of resisting arrest with violence under section 843.01 is either offering to do violence or actually doing it." Walker v. State, 965 So. 2d 1281, 1284 (Fla. 2d DCA 2007). Thus, resisting an officer with violence is a forcible felony, and it therefore does not constitute a nonviolent felony that qualifies for drug offender probation under section 948.20(1).

The State argues that even if Orr's offense does not qualify for drug offender probation, the trial court was authorized to impose drug offender probation because it is an alternative to the sentencing guidelines. See Jones v. State, 813 So. 2d 22, 24-25 (Fla. 2002) (holding that drug offender probation "provides an alternative

sentencing scheme for drug abusers that is outside of the sentencing guidelines" and that the laws prohibiting downward departure sentences based on substance abuse or addiction do not apply when the trial court chooses to impose drug offender probation for a qualifying offense).  The State contends that the language of section 948.20(1) applies only when the trial court imposes drug offender probation *in lieu* of a sentence, not when the trial court imposes such probation *in addition* to a jail or prison sentence. This argument is not supported by <u>Jones</u> or the language in section 948.20, which authorizes the trial court to impose drug offender probation only under certain circumstances for qualifying offenses.  As noted above, drug offender probation was not an option for the offense of resisting an officer with violence.  <u>See</u> <u>Lawson v. State</u>, 969 So. 2d 222, 231 (Fla. 2007) ("There are three avenues in which the trial court may order a probationer to complete a drug treatment program: (1) as a special condition of ordinary probation; (2) as a condition of drug offender probation under section 948.20, Florida Statutes (2005); or (3) as part of a 'treatment based drug court program' under section 397.334, Florida Statutes (2005).").

Accordingly, we reverse the portion of Orr's sentence imposing drug offender probation for the offense of resisting an officer with violence.  On remand, the trial court may resentence Orr to regular probation with special conditions that it deems appropriate.  <u>See</u> <u>Redmond v. State</u>, 970 So. 2d 915, 916 (Fla. 5th DCA 2007) (holding that trial court was not authorized to impose drug offender probation for the offense of delivery of cocaine under the 2005 version of section 948.20 but that on remand, the trial court may impose regular probation with "special conditions as it deems appropriate[,] provided that they are reasonably related to the offense and promote the

rehabilitation of the defendant or the protection of the public"); see also Lawson, 969

So. 2d at 231-32 (recognizing that the trial court may order a probationer to complete a

drug treatment program as a special condition of ordinary probation).

Affirmed in part; reversed in part; remanded.


LUCAS and ROTHSTEIN-YOUAKIM, JJ., Concur.