DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ROODY DHAITI,**
Appellee.

No. 4D21-1538

[October 27, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara R. Duffy, Judge; L.T. Case No. 19-006892CF10A.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellee.

MAY, J.

A little bit of statutory construction and the rule of lenity are at issue in the State's appeal of the defendant's sentence. The State argues the trial court erred by withholding adjudication and placing the defendant on drug offender probation, pursuant to section 948.20(1), Florida Statutes (2019), because the defendant had previously received three prior withholds of adjudication. We disagree and affirm.

The State charged the defendant with possession of Alprazolam, a third-degree felony.[1] The defendant pleaded no contest and moved for alternative sentencing under section 948.20, Florida Statutes (2019), the drug offender probation statute.

At the plea colloquy, the defendant testified he used Xanax on multiple occasions and began abusing Percocet after his brother died. He was

---

[1] The State also charged the defendant with possession of drug paraphernalia and cannabis, but these charges are irrelevant to this appeal.

amenable to getting treatment and "staying clean" on probation. Defense counsel asked the court to withhold adjudication and place the defendant on drug offender probation. He argued section 948.20 allowed the court to do so if it found the defendant was a chronic substance abuser. The State objected, and argued that under section 775.08435, Florida Statutes (2019), adjudication could not be withheld if the defendant had two or more prior withholds for felonies that did not arise from the same transaction as the current offense.

The trial court ultimately agreed with the defendant but expressed interest in having its decision appealed "so we can get a ruling on this." The trial court found the defendant was a chronic substance abuser, withheld adjudication, and imposed two years of drug offender probation.

The State now appeals.

The State continues to argue section 775.08435 prohibits the trial court from withholding adjudication where the defendant has received two or more prior withholds. It argues that section 948.20 is not an exception to the rule. If the Legislature had intended to make an exception, it would have done so clearly and unequivocally.

The defendant responds the issue is not preserved as the State provided no evidence of the defendant's prior withholds. Alternatively, if the merits of the State's argument are reached, section 948.20 controls over section 775.08435 because the former is unequivocal and was enacted after section 775.08435. The defendant further argues the State's interpretation of section 948.20 would render the statute superfluous, and the rule of lenity mandates that statutory language subject to differing constructions be construed in the accused's favor.

We have de novo review of this legal issue. *Pinkard v. State*, 185 So. 3d 1289, 1289–90 (Fla. 5th DCA 2016).[2]

Section 775.08435 provides:

> Notwithstanding any provision of this section, no adjudication
> of guilt shall be withheld for a third degree felony offense if the

---

[2] The State preserved the issue when it objected to the court withholding adjudication and the defendant failed to dispute the State's suggestion that he had received prior withholds of adjudication. The defendant therefore waived his argument. *See Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205 (Fla. 4th DCA 2005).

2

defendant has *two or more* prior withholdings of adjudication for a felony that did not arise from the same transaction as the current felony offense.

§ 775.08435(1)(d), Fla. Stat. (2019) (emphasis added).

Section 948.20(1) allows the court to withhold adjudication and place a defendant on drug offender probation if "the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a) [prohibiting the purchase or possession of certain controlled substances], or other nonviolent felony." § 948.20(1), Fla. Stat. (2019). That statute specifically provides: "the court may also stay and withhold the imposition of sentence and place the defendant on drug offender probation or into a postadjudicatory treatment-based drug court program if the defendant otherwise qualifies." *Id.*

The State suggests that section 948.20(1) does not trump section 775.08435 because the latter clearly mandates that adjudication cannot be withheld on a third-degree felony if the defendant previously received two or more withholds. The defendant responds section 948.20(1)'s *specific* provisions control over the *general* provisions of section 775.08435. Section 948.20(1) is the last expression of legislative intent because it was amended after section 775.08435. And the rule of lenity supports his argument. We agree with the defendant.

Our supreme court has held that section 948.01(13)[3] is an alternative sentencing scheme independent of the sentencing guidelines. *Jones v. State*, 813 So. 2d 22 (Fla. 2002).

> Although the enactment of [the sentencing guidelines] may indicate that the Legislature intended to limit the ability of trial courts to impose a downward departure from the sentencing guidelines solely on the basis of drug addiction, there is no question that section 948.01(13), as well as the

---

[3] Section 948.01(13), Florida Statutes (Supp. 1998) provided: "If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of chapter 893, the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt; and, in either case, it may stay and withhold the imposition of sentence and place the defendant on drug offender probation."

Section 948.01(13) was renumbered as section 948.20 in 2004 and became effective on July 1, 2004. *See* Ch. 2004-373, § 10, Laws of Fla.

other specific statutes dealing with treatment for substance abusers, indicate a strong policy in favor of treatment over incarceration for certain nonviolent drug-related crimes.

Indeed, in enacting section 948.01(13) and the sanction of drug offender probation, the Legislature's stated purpose was "to provide alternative punishments to fill the void between probation and prison, and to divert offenders from the state prison system."

*Id.* at 25–26 (footnote omitted) (quoting Fla. H.R. Comm. on Corrections, HB 2373 (1991) Staff Analysis (May 2, 1991)).

Our supreme court also noted that section 948.01(13) applied only to nonviolent drug crimes whereas the sentencing guidelines applied broadly to all felonies. *Id.* at 25. Because a *specific* statute controls over a *general* statute, the specific language of section 948.01(13) controlled over the more general sentencing guidelines. *See id.*

Here too, allowing the trial court to withhold and impose drug offender probation is consistent with strong policy considerations that treatment is the most effective way to rehabilitate a chronic substance abuser like the defendant. Section 948.20's *specific* provision covering drug offender probation controls over the *general* provisions of section 775.08435. And, section 948.20 was enacted after section 775.08435, expressing the latest in legislative intent.

Lastly, "[t]he rules of statutory construction require courts to strictly construe criminal statutes, and . . . 'when the language is susceptible to differing constructions, [the statute] shall be construed most favorably to the accused.'" *Johnson v. State*, 602 So. 2d 1288, 1290 (Fla. 1992) (third alteration in original) (quoting § 775.021(1), Fla. Stat. (1989)). Because the relevant sections are susceptible to differing constructions when read together, the rule of lenity requires an affirmance. We therefore affirm the defendant's sentence.

*Affirmed.*

GROSS and DAMOORGIAN, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4